## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | )   Court No. 21-00246 |
| THE UNITED STATES, | ) ) |
| *Defendant*. | ) ) |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Assan Aluminyum Sanayi ve Ticaret A.S. ("Assan" or "Plaintiff"), by and through its undersigned attorneys, alleges and states as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1.     This is an appeal from the final determination in the sales at less-than-fair-value ("LTFV") investigation of *Common Alloy Aluminum Sheet From Turkey* ("CAAS from Turkey") The period of investigation ("POI") is January 1, 2019 through December 31, 2019.

2.     On March 8, 2021, the U.S. Department of Commerce, International Trade Administration, Enforcement and Compliance ("Commerce") published its final antidumping ("AD") duty determination finding that CAAS from Turkey is being or is likely being sold at less than fair value ("LTFV").  *Common Alloy Aluminum Sheet From Turkey: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 13326 (Dep't Commerce March 8, 2021) ("*Final AD Determination*").  Commerce's factual and legal conclusions underlying the *Final AD Determination* are set forth in its Issues and Decision Memorandum.  Memorandum from J. Maeder to C. Marsh, Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Common Alloy Aluminum Sheet

1

from Turkey, and Final Negative Determination of Critical Circumstances (Mar. 8, 2021) ("*Final I&D Memo*") (available at https://enforcement.trade.gov/frn/summary/turkey/2021-04735-1.pdf).

3.       On April 27, 2021, Commerce published the AD duty order. *Common Alloy Aluminum Sheet From Bahrain, Brazil, Croatia, Egypt, Germany, India, Indonesia, Italy, Oman, Romania, Serbia, Slovenia, South Africa, Spain, Taiwan and the Republic of Turkey: Antidumping Duty Orders*, 86 Fed. Reg. 22139 (Apr. 27, 2021) ("*AD Order*").[1]

## JURISDICTION

4.       Plaintiff brings this action pursuant to Sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, *as amended* (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii).  Plaintiff contests Commerce's *Final AD Determination*, specifically as applied to Plaintiff.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

5.       Assan is an interested party to the proceeding under Sections 516A(f)(3) and 771(9)(A) of the Act, codified at 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A), respectively.  Assan is a foreign manufacturer and exporter of the subject merchandise.  Specifically, Assan participated actively at all stages of the investigation by submitting questionnaire responses and briefs.

6.       Assan, therefore, has standing to bring this action under 28 U.S.C. § 2631(c).

---

[1] In the AD Order, it was noted that the final determination for Turkey was published with an incorrect investigation number.  *Id*., 86 Fed. Reg at 22140 n.1. Specifically, The final affirmative determination for Turkey was inadvertently published under the case number for Italy (A–475–842). The correct case number for Turkey is A–489–839. *Id.*

## TIMELINESS OF THIS ACTION

7.     This Complaint is being filed concurrently with the summons initiating this

action.  The summons was timely filed on May 27, 2021 (ECF No. 1), within thirty (30) days of

Commerce's publication of the *AD Order*.  *See* 86 Fed. Reg. at 22139.  In accordance with

USCIT R. 3(a)(2), 5(e) and 6(a), and pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C.

§ 2636(c), Plaintiff's Complaint is timely.

## STANDARD OF REVIEW

8.     This Court must remand any administrative determination by Commerce which is

"unsupported by substantial evidence on the record" as a whole, or is "otherwise not in

accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

9.     When reviewing whether Commerce's actions are unsupported by substantial

evidence, the Court assesses whether the agency action is "unreasonable" given the record as a

whole.  *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006).  Substantial

evidence represents "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *DuPont Teijin Films USA, LP v. United States*, 407 F.3d 1211, 1215

(Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

10.     When reviewing Commerce's statutory interpretations, the Court applies the two-

part framework set forth in the Supreme Court's opinion in *Chevron*.  *Union Steel v. United*

*States*, 713 F.3d 1101, 1106–07 (Fed. Cir. 2013) (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def.*

*Council, Inc.,* 467 U.S. 837, 842–43 (1984)).  Under *Chevron*, to determine whether an agency's

interpretation of the statute is entitled to deference, the Court conducts a two-part test.  Under the

first prong of this test, where Congress has spoken directly to the question at issue, the Court and

the agency must give effect to the unambiguously expressed intent of Congress.  *See* 467 U.S. at

AFDOCS/23902445.6

842–43.  If, however, the statute is vague or silent on an issue, the Court upholds the agency's interpretation provided that the interpretation is reasonable.  *See id*. at 843.

11.     This Court has found Commerce's determinations unlawful "where Commerce has failed to carry out its duties properly, relied on inadequate facts or reasoning, or failed to provide an adequate basis for its conclusions."  *Rhone-Poulenc, Inc. v. United States*,  20 CIT 573, 575, 927 F. Supp. 451, 454 (1996); *see also Asociacion Colombiana de Exportadores de Flores, v. United States*, 22 CIT 173, 185, 6 F. Supp. 2d 865, 880 (1998).

## STATEMENT OF FACTS

12.     Commerce initiated the antidumping duty investigation of CAAS from Turkey. *See Common Alloy Aluminum Sheet From Bahrain, Brazil, Croatia, Egypt, Germany, Greece, India, Indonesia, Italy, Republic of Korea, Oman, Romania, Serbia, Slovenia, South Africa, Spain, Taiwan and the Republic of Turkey: Initiation of Less-Than-Fair-Value Investigations,* 85 Fed. Reg. 19444 (Dep't Commerce April 7, 2020). Commerce initiated the investigation pursuant to Section 732 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1673a.

13.     On April 22, 2020, the United States International Trade Commission ("ITC") preliminarily determined that there is a reasonable indication that imports of CAAS from Turkey are materially injuring the U.S. industry. *See Common Alloy Aluminum Sheet From Bahrain, Brazil, Croatia, Egypt, Germany, Greece, India, Indonesia, Italy, Korea, Oman, Romania, Serbia, Slovenia, South Africa, Spain, Taiwan, and Turkey,* 85 Fed. Reg. 23842 (Int'l Trade Comm'n April 29, 2020) (preliminary determ.).

14.     Assan was one of the two mandatory respondents in Commerce's investigation and participated throughout the proceeding through the filing of questionnaire responses, verification of the data submitted, and submission of legal arguments.  On June 3, 2020, Assan

submitted its response to Section A of Commerce's antidumping duty questionnaire. *See* Section A Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (June 3, 2020). On June 29, 2020, Assan submitted its responses to sections B and C of the questionnaire. *See* Section B Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (June 29, 2020); Section C Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (June 29, 2020). On July 2, 2020, Assan submitted its response to Section D of the questionnaire. *See* Section D Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (July 2, 2020). Assan also filed numerous supplemental questionnaire responses. *See e.g.,* Supplemental Section A Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (July 24, 2020); Supplemental Section D Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (Aug. 18, 2020); Supplemental Section D Questionnaire Response – Question 23, Subparts b, d, and f of Assan Aluminyum Sanayi ve Ticaret A.S. (Aug. 21, 2020); Supplemental Section B Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (Sept. 3, 2020); Supplemental Section C Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (Sept. 10, 2020); Second Supplemental Section D Questionnaire Response of Assan Aluminyum Sanayi ve Ticaret A.S. (Sept. 15, 2020). In addition, Assan provided quantity and value information. *See e.g.* Quantity & Value Shipment Data (Sept. 15, 2020), Quantity & Value Shipment Data (Oct. 15, 2020); Quantity & Value Shipment Data (Nov. 16, 2020).

15.     Commerce issued the preliminary determination calculating a preliminary dumping margin for Assan of 12.65 percent. *Common Alloy Aluminum Sheet From Turkey: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Negative Determination of Critical Circumstances, Postponement of Final Determination, and Extension of Provisional Measures*, 85 Fed. Reg. 65346, 65347 (Oct. 15, 2020) ("*Preliminary*

*Determination*").  Commerce's factual and legal conclusions underlying its preliminary

determination are set forth in the Preliminary Decision Memorandum.  Memorandum from J.

Maeder to J. Kessler, re: Decision Memorandum for the Preliminary Affirmative Determination

in the Less Than Fair Value Investigation of Common Alloy Aluminum Sheet from Turkey (Oct.

6, 2020) ("*Preliminary Decision Memo*"), available at

https://enforcement.trade.gov/frn/summary/turkey/2020-22801-1.pdf.

     16.     On December 18, 2020, Assan submitted its response to Commerce's request for

documents in lieu of verification. Response to Request for Documents in Lieu of Verification of

Assan Aluminyum Sanayi ve Ticaret A.S. (Dec. 18, 2020) ("Verification Response").

     17.     On January 6, 2021, Assan filed a case brief.  In its case brief, Assan commented

on six different issues, including the calculation of a full duty drawback adjustment to U.S. price,

Assan's eligibility for a home market ("HM") rebate adjustment, and the treatment of additional

Section 232 duties in the margin calculation. Case Brief of Assan Aluminyum Sanayi ve Ticaret

A.S. (Jan. 6, 2021) ("Case Br.").  With regard to the duty drawback adjustment, Assan claimed

that Commerce incorrectly calculated the statutory duty drawback adjustment to which Assan

was entitled by applying a purportedly "duty neutral" methodology allocating the amount of

duties rebated or not collected "*to all production*," rather than to total exports as required by the

plain language of the statue and the reviewing courts.  *Id.* at 6-11.  Next, Assan argued that

Commerce incorrectly rejected Assan's HM rebate adjustment methodology based on a

misunderstanding of the record and available evidence confirming that the adjustment should be

accepted. *Id.* at 11-12.  Finally, Assan challenged Commerce's treatment of the additional Section

232 tariffs levied on Kibar Americas as ordinary customs duties, rather than "special" tariffs that

should not be deducted from Assan's U.S. price. *Id.* at 16-24.

18.     On January 19, 2021, Assan filed a rebuttal brief. Rebuttal Brief of Assan Aluminyum Sanayi ve Ticaret A.S. (Jan. 19, 2021) ("Rebuttal Br."). In its rebuttal brief, Assan maintained, amongst other things, that Commerce should continue to grant Assan a duty drawback adjustment in the final determination, consistent with its longstanding practice in Turkish cases, because it met the requirements under Turkey's Inward Processing Regime ("IPR") and thus satisfied Commerce's two-prong test to qualify for the full statutory adjustment. Rebuttal Br. at 2-7.

19.     On March 8, 2021, Commerce published its *Final AD Determination* finding that CAAS from Turkey was being sold at less-than-fair-value and calculating a final rate for Assan of 2.02 percent. 86 Fed. Reg. at 13327. Commerce's calculations underlying its *Final AD Determination* are set forth in the Memorandum from S. Carey to The File, re Final Determination Calculations for Assan Aluminyum Sanayi ve Ticaret A.S. (Mar. 1, 2021) ("Final Calculation Memo").

20.     In the *Final AD Determination*, Commerce determined that Assan met its two-prong test for a duty drawback adjustment, but granted only a partial adjustment to Assan's U.S. sales price using a methodology that was not limited to export sales as required by the statute, 19 U.S.C. § 1677a(c)(1)(B), but rather allocated the adjustment over Assan's total production during the POI, including production for domestic sales. *Final I&D Memo* 8-11 (Cmt. 1). Commerce also treated the Section 232 tariffs paid by Assan as ordinary customs duties, distinct from antidumping, section 201 safeguards, and other "special" tariffs, and thus deducted them from U.S. price. *Id.* at 14-15 (Cmt. 2). Finally, with regards to Assan's reported HM rebate adjustment, Commerce continued to find that Assan was not entitled to an adjustment because the company did not demonstrate that the customer reached the sales volume target specified in the rebate

AFDOCS/23902445.6

agreement or that the full amount of the rebate was actually paid. *Id.* at 22 (Cmt. 6). The U.S.

International Trade Commission made a final injury determination, published as *Common Alloy*

*Aluminum Sheet From Bahrain, Brazil, Croatia, Egypt, Germany, India, Indonesia, Italy, Oman,*

*Romania, Serbia, Slovenia, South Africa, Spain, Taiwan, and Turkey*, 86 Fed. Reg. 22068 (Int'l

Trade Comm'n Apr. 26, 2021) (final determ.).

21.    Commerce published the *AD Order* on April 27, 2021.  86 Fed. Reg. at 22139.

22.    The *Final AD Determination*, upon which the *AD Order* was based, is

unsupported by substantial evidence on the record and is otherwise not in accordance with law

with respect to the matters set forth in the following counts.

## STATEMENT OF CLAIMS

### COUNT I

23.    The facts and allegations contained in paragraphs 1 through 22 are restated and

incorporated herein by reference.

24.    Commerce's decision to limit the full duty drawback adjustment to which Assan

was entitled by allocating the amount of import duties rebated or not collected by reason of

exportation over all of Assan's production, including production for domestic sales, is contrary

to law and unsupported by substantial evidence on the record. Specifically, 19 U.S.C.

§1677a(c)(1)(B) requires that U.S price be increased by the amount of any import duties rebated

or not collected "*by reason of the exportation* of the subject merchandise to the United States"

(emphasis added). Consistent with the plain language of the statute, and Commerce's

longstanding two-prong test for determining whether a drawback adjustment may be granted,

Assan was entitled to a full drawback adjustment to U.S. price for the entire amount of the

import duty rebated or not collected on its export sales.  By allocating Assan's exempted import

8

duties over total production, rather than total exports as required by the statute, Commerce

significantly limited the amount of per-unit duty drawback being added to U.S. price. As the

reviewing courts have repeatedly held, the drawback statute simply does not provide for an

allocation of the rebated duties over anything other than the U.S. sales to which the drawback

amount relates (*i.e.*, total exports). Thus, Commerce's methodology in the *Final AD

Determination*, which limits the duty drawback adjustment in a manner not contemplated by the

statute, is unsupported by substantial evidence and is otherwise not in accordance with law.

**COUNT II**

25.     The facts and allegations contained in paragraphs 1 through 24 are restated and
incorporated herein by reference.

26.     Commerce should not deduct Section 232 tariffs paid by Assan from the export

price of its U.S. sales because the Section 232 tariffs are "special" tariffs imposed pursuant to a

specific congressional delegation of tariff making authority to the executive branch, rather than

ordinary U.S. import duties within the meaning of the antidumping statute. The Section 232

tariffs are remedial, temporary, and treated differently than normal customs duties in the

Harmonized Tariff Schedule, and their deduction from U.S. price in the *Final AD Determination*

imposes a double-remedy that is contrary to the statute. Commerce's determination to treat the

special Section 232 tariffs as ordinary customs duties and deduct the full amount of tariffs paid

from Assan's export price is thus unsupported by substantial evidence and is otherwise not in

accordance with law.

**COUNT III**

27.     The facts and allegations contained in paragraphs 1 through 26 are restated and
incorporated herein by reference.

9

28.     Commerce's decision to deny Assan the home market rebate adjustment to which it is entitled is contrary to law and unsupported by substantial evidence on the record.  19 U.S.C. § 1677b provides for various adjustments to normal value to determine the prices to be used in U.S. price comparisons.  Commerce's regulation 19 C.F.R. §351.102(b)(38) lists permitted price adjustments, which include "any change in the price charged for subject merchandise or the foreign like product, such as discounts, rebates, and post-sale price adjustments that are reflected in the purchaser's net outlay."  Assan claimed a home market rebate adjustment for certain sales where customers received rebates tied to the volume of purchases made in a given period. Record evidence identified the affected customers, sales contracts, and specific rebates issued. Proof of payment was provided and reconciled to both the per unit rebate calculations and company accounting.  Assan was thus entitled to claim these reported rebates as a downward adjustment to normal value and Commerce's denial of the adjustment in the *Final AD Determination* is unsupported by substantial evidence and is otherwise not in accordance with law.

AFDOCS/23902445.6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

(a)     Hold that Commerce's *Final AD Determination* was not in accordance with law

or unsupported by substantial record evidence with respect to the claims advanced

by Plaintiff in this Complaint;

(b)     Remand the *Final AD Determination* to Commerce for determination consistent

with the opinion of this Court; and

(c)     Grant such additional relief as the Court may deem just and proper.

**/s/ Leah N. Scarpelli**
Leah N. Scarpelli
Matthew M. Nolan
Nancy A. Noonan]
Diana Dimitriuc Quaia
Jessica R. DiPietro
Natan P.L. Tubman
John A. Gurtunca

Arent Fox LLP
1717 K Street, N.W.
Washington, DC 20006
Phone: (202) 715-8403

*Counsel to Assan Aluminyum Sanayi ve Ticaret A.S.*

Dated:  May 21, 2021

AFDOCS/23902445.6