UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., | )<br>)<br>) |
| *Plaintiff*, | )<br>) |
| v. | )<br>) |
| THE UNITED STATES, | ) Consol. Court No. 21-00246 |
| *Defendant*, | )<br>) |
| ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP, et al., | )<br>)<br>) |
| *Defendant-Intervenors.* | )<br>) |

# PLAINTIFF'S COMMENTS ON REMAND REDETERMINATION

Leah N. Scarpelli
Matthew M. Nolan
Jessica R. DiPietro

ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, D.C. 20006
Tel: (202) 857-6013
Fax: (202) 857-6395
Email: leah.scarpelli@afslaw.com

June 30, 2023

# TABLE OF CONTENTS

|      |                                                              | Page |
|------|--------------------------------------------------------------|------|
| I.   | SUMMARY OF THE ARGUMENT                                      | 1    |
| II.  | COMMERCE'S REMAND REDETERMINATION                            | 2    |
| III. | ARGUMENT                                                     | 4    |
|      | A. CALCULATION OF ASSAN'S DUTY DRAWBACK ADJUSTMENT           | 4    |
|      | B. APPLICATION OF AFA TO ASSAN                               | 7    |
| IV.  | CONCLUSION                                                   | 9    |

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | Consol. Court No. 21-00246 |
| *Defendant*, | ) ) ) | |
| ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP, et al., | ) ) ) ) | |
| *Defendant-Intervenors.* | ) ) | |

### PLAINTIFF'S COMMENTS ON REMAND REDETERMINATION

Pursuant to the U.S. Court of International Trade's opinion and order dated March 1, 2023, ECF No. 87, Plaintiff Assan Aluminyum Sanayi ve Ticaret A.S. ("Assan") provides the following comments in response to the U.S. Department of Commerce's ("Commerce") Final Remand Redetermination filed on May 31, 2023. The Final Remand Redetermination was issued pursuant to the March 1, 2023 remand order of the U.S. Court of International Trade in *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, Consol. Court No. 21-00246 ("Remand Order"). *See* Final Results of Redetermination Pursuant to Court Remand (May 31, 2023), ECF No. 94 ("Final Remand Redetermination"). These comments are timely filed pursuant to the Court's Remand Order.

**I.   SUMMARY OF THE ARGUMENT**

In *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, the Court remanded Commerce's final determination in the underlying antidumping duty investigation of Common

1

Alloy Aluminum Sheet ("CAAS") from Turkey ("AD order") with respect to Commerce's (1) calculation of the duty drawback adjustment applicable to Assan using a "duty neutral" methodology found to be inconsistent with current court precedent; and (2) modification to Assan's claimed billing adjustments related to quality errors, which required further explanation. 624 F. Supp. 3d 1343, 1380-81 (Ct. Int'l Trade 2023).

On remand, Commerce complied with the Remand Order by recalculating the duty drawback adjustment granted to Assan in accordance with U.S. Court of Appeals for the Federal Circuit ("CAFC") precedent and by applying adverse facts available ("AFA") to Assan based on its reporting of a claimed home market quality billing adjustment ("BILLADJ2U"). Final Remand Redetermination at 16-17. The net effect of the two changes results in a *de minimis* margin for Assan.

With respect to the first issue, Assan agrees with Commerce's Final Remand Redetermination, which is consistent with Commerce's request for a "voluntary remand request so that the agency may recalculate Assan's duty drawback adjustment in accordance with the latest Federal Circuit precedent." *Assan*, 624 F. Supp. 3d at 1363. With respect to the second issue, Assan maintains that application of AFA was not mandated by the Court in requesting that Commerce provide "further explanation" on its finding that Assan acted to the best of its ability in reporting BILLADJ2U, and is not appropriate given Assan's extensive participation in the investigation. *Id.* at 1378. However, because Commerce's Final Remand Redetermination results in a *de minimis* margin, Assan has decided not to pursue this argument in favor of an expedient resolution of this case and supports Commerce's Final Remand Redetermination.

## II. COMMERCE'S REMAND REDETERMINATION

As detailed above, Commerce's Final Remand Redetermination addresses two

substantive issues, duty drawback and BILLADJ2U. Regarding duty drawback, Commerce continued to find that "the Turkish duty drawback program satisfies Commerce's criteria for granting a U.S. price adjustment under section 772(c)(1)(B) of the Act" and that Commerce's grant of a duty drawback adjustment to Assan is appropriate because it "was able to find a connection between the non-payment of import duties and the exportation of subject merchandise to the United States." Final Remand Redetermination at 9, 10. Commerce also recalculated the adjustment in accordance with its "current duty drawback methodology," which "divides the amount of total duties exempted on the IPC {inward processing certificate} closed during the POI {period of investigation} over the total quantity of exports made under that closed IPC to calculate a per-unit duty drawback adjustment." *Id.* at 12. Commerce stated that "{t}his methodology reasonably reflects the duties actually exempted for the exports of subject merchandise made to the United States during the POI, consistent with the current Federal Circuit precedent{.}" *Id.* at 13. As explained below, Assan agrees with Commerce's finding in the Final Remand Redetermination.

Regarding BILLADJ2U, Commerce acknowledged that it "has discretion on whether to apply AFA," but "revisited its reasoning" and determined that "deficiencies" in Assan's reporting, and specifically its failure to provide requested supporting documentation, "constitutes a failure by Assan to act to the best of its ability{.}" *Id.* at 14-15. Upon finding that "Assan failed to act to the best of its ability in complying with Commerce's specific requests for information in the initial and supplemental questionnaires," Commerce determined that application of AFA was appropriate and therefore "assumed that the correct billing adjustment is the lowest value Assan reported as a billing adjustment for quality errors." *Id.* at 15. Though Assan disagrees with this aspect of the Final Remand Redetermination, as explained below, it will not to pursue this

3

argument in favor of an expedient relief from the antidumping duties and ongoing first and second administrative reviews.

Commerce stated that the net effect of the changes in its Final Remand Redetermination is a *de minimis* margin for Assan. If the Final Remand Redetermination is sustained, Commerce will publish an amended final determination and AD order. Assan respectfully requests that ongoing first and second administrative reviews of the AD order be terminated with respect to Assan at that time and that CBP be instructed to refund cash deposits paid by Assan pursuant to the AD order.

### III. ARGUMENT

#### A. Calculation of Assan's Duty Drawback Adjustment

In its Remand Order, the Court "sustained Commerce's general grant of a duty drawback adjustment to Assan," but found the calculation of that adjustment to be unlawful. *Assan*, 624 F. Supp. 3d at 1362. Specifically, the Court highlighted CAFC precedent in *Uttam Galva Steels Ltd. v. United States*, 311 F. Supp. 3d 1345, 1355 (Ct. Int'l Trade 2018), *aff'd* 997 F.3d 1192 (Fed Cir. 2021), which held that the "duty neutral" methodology applied by Commerce in this investigation is "incompatible with the plain language of section 1677a(c)(1)(B)." *Assan*, 624 F. Supp. at 1362 (citing *Uttam Galva*, 311 F. Supp. 3d at 1355). The Court thus properly granted Commerce's voluntary remand request so that the duty drawback adjustment applicable to Assan could be recalculated. *Id.* at 1363.

In accordance with the Court's Remand Order, Commerce's Final Remand Redetermination reaffirmed that "Commerce's general grant of a duty drawback adjustment to Assan is reasonable and in accordance with the statute," but recalculated the applicable per-unit drawback adjustment by dividing "the amount of total duties exempted on the IPC closed during

the POI over the total quantity of exports made under that closed IPC{.}" Final Remand Redetermination at 10, 12. Commerce's updated calculation is consistent with the plain language of the drawback statute (19 U.S.C. § 1677a(c)(1)(B)), CAFC precedent, and Commerce's own methodology in other recent cases involving the Turkish drawback system. *See, e.g.*, *Steel Concrete Reinforcing Bar From the Republic of Turkey: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020-2021*, 88 Fed. Reg. 7941 (Dep't Commerce Feb. 7, 2023), and accompanying Issues and Decision Memorandum at 21-22 (Cmt. 5) ("*Rebar IDM*"). As Commerce noted, the per-unit drawback calculation properly "reflects the duties actually exempted for the exports of subject merchandise made to the United States during the POI." Final Remand Redetermination at 12.

The alternative calculation proposed by Petitioner, which was raised for the first time in its comments on Commerce's Draft Remand Redetermination,[1] was properly rejected by Commerce in its Final Remand Redetermination. Final Remand Redetermination at 11-14. Petitioners' proposal "amounts to attempting specific tracing of imported inputs into a specific

---

[1] *See* Letter from Kelley Drye to Hon. G. Raimondo, re: Petitioners' Comments on Draft Redetermination Concerning Assan Aluminyum Sanayi ve Ticarat A.S. (May 17, 2023), R.C.R. 11, R.P.R. 8. Assan maintains that Petitioners have failed to exhaust administrative remedies with regards to the new argument involving the recalculation of Assan's duty drawback adjustment and proposed alternative calculation, which is summarized on pages 10-11 of the Final Remand Redetermination. *See* Letter from ArentFox Schiff to Hon. G. Raimondo, re: Objection to Petitioners' Comments on Draft Redetermination and Request to Strike New Factual Information (May 23, 2023), R.C.R. 12, R.P.R 9. Though calculation of Commerce's duty drawback adjustment has been in dispute throughout this proceeding, Petitioners did not propose this alternate calculation during the briefing stage before Commerce, nor in the extensive briefing before this Court. The Court requires the exhaustion of administrative remedies and "generally takes a 'strict view' of the requirement that parties exhaust their administrative remedies before the Department of Commerce in trade cases." *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007); *see also* 28 U.S.C. § 2637(d). Petitioners' failure to propose the alternate calculation methodology before Commerce and the Court amounts to a failure to exhaust its administrative remedies with regards to this issue.

product being produced and whether that specific product is exported, even though the Turkish duty drawback system does not require these specific links for duty drawback to be granted." *Id.* at 12. This type of tracing has been rejected by the CAFC, which held that:

> The duty drawback statute requires an adjustment to "export price" based on the full extent of the duty drawback. It does not impose an additional requirement that the respondent trace particular imported goods to U.S. exports.
>
> It does not make a difference whether the imported inputs that qualified for a drawback were actually incorporated into goods sold in the exporter's domestic market because the . . . government credited the drawback to the quantity of goods that were in fact exported, whatever the source of the inputs used to produce foreign goods.

*Uttam Galva*, 997 F.3d at 1197-98. This Court likewise affirmed that inputs under a closed IPC need not be "*demonstrably* capable of," producing subject merchandise, but rather "*potentially* capable of, or in other words, not demonstrably *incapable* of." *Assan*, 624 F. Supp. 3d at 1361. Assan has met this burden.

Moreover, Petitioners' proposed methodology misunderstands Commerce's per-unit drawback calculation. Use of all U.S. sales as the denominator, as Petitioners suggest, would not only seriously dilute the statutory adjustment to which Assan is entitled, but also be mathematically and factually incorrect due to the inconsistent numerator and denominator resulting from allocating duties exempted under a single, closed IPC over *all* U.S. exports, including exports that were made pursuant to other IPCs. Final Remand Redetermination at 11. In other words, Petitioners' methodology assumes that all U.S. sales have benefited from the same IPC, even though record evidence demonstrates this to be factually inaccurate. Despite Petitioners' claims, the fact that the closed IPC includes "export destinations other than the United States as well as exports made outside of the POI," Final Remand Redetermination at 10, is irrelevant because both the numerator and the denominator directly relate to the closed IPC,

6

and the resulting per-unit adjustment is applied only to POR U.S. sales, *i.e.* subject merchandise exported to the United States. 19 U.S.C. § 1677a(c)(1)(B). As Commerce concludes, "any other method to reallocate specific duty exemptions on a closed IPC over a different universe of exports," including the allocation over all U.S. exports Petitioners propose, "would likely introduce inaccuracies." Final Remand Redetermination at 13.

Commerce's duty drawback calculation in the Final Remand Redetermination is based on a consistent numerator and denominator, captures all exports and imports under the closed IPC during the POR, and fulfills the purpose of the drawback provision, which is "to eliminate, to the extent possible, any effect of the Turkish duty drawback system on the dumping calculations." *Rebar IDM* at 22. Because "the Turkish duty drawback system does not trace the actual use of the imported input to the actual finished product that is exported," Commerce's calculation, which properly spreads the duty actually drawn back generally over exports, best fulfills the statutory purpose and is consistent with the CAFC's instruction to "consider the entire drawback when calculating duty drawback adjustments." Final Remand Redetermination at 13-14. Assan therefore agrees with the outcome and supports Commerce's Final Remand Redetermination.

**B. Application of AFA to Assan**

In its Remand Order, the Court held that Commerce's reasoning with regards to Assan's claimed BILLADJ2U was "legally deficient" and thus remanded the issue to Commerce for "further explanation." *Assan*, 624 F. Supp. 3d at 1376. In doing so, the Court specifically acknowledged that "whether to apply adverse inferences is a matter within Commerce's discretion," highlighted that "Commerce *could* have declined to apply adverse facts available *even if* it had affirmatively found that Assan failed to act to the best of its ability." *Id.* at 1377.

In the Final Remand Redetermination, however, Commerce "revisited its reasoning" and

7

now finds that it is appropriate to apply AFA to Assan. Final Remand Redetermination at 15. This new finding ignores the extensive information provided by Assan and responsive to Commerce's requests, including documentation identifying each of the billing adjustments at issue in its accounting record, tying that amount to its trial balance, and showing how each adjustment is applied on a customer specific basis. Case Brief of Assan Aluminyum Sanayi ve Ticaret A.S. at 13-15 (Jan. 6, 2021), C.R. 400, P.R. 309. Though Commerce found that Assan did not submit sufficient documentation to qualify for the voluntary adjustment, the appropriate response was to deny the adjustment claimed, as Commerce did in the Final Determination. *Common Alloy Aluminum Sheet From Turkey: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 13326 (Dep't Commerce Mar. 8, 2021) (P.R. 358), and accompanying Issues & Decision Memorandum at 22-24 (Cmt. 7) ("*CAAS IDM*"), P.R. 330. There is no reason for Commerce to go further and apply AFA to Assan's reporting

In the Final Remand Results, Commerce should have continued to find that, though Assan failed to demonstrate entitlement to BILLADJ2U, it was not uncooperative and used its best efforts in providing available documentation and records to confirm the validity of the claimed billing adjustments. Indeed, as Commerce previously found, Assan submitted complete and detailed information in response to the Department's questions and otherwise cooperated with the Commerce's requests for information throughout the investigation, including by "answer{ing} each request for {} information to the best of its ability." *CAAS IDM* at 20, P.R. 330. There is no basis for Commerce to reverse its findings and, consistent with the Court's Remand Order, Commerce should have relied on its discretion under 19 U.S.C. § 1677e(b) to not apply an adverse inference to Assan. *Assan*, 624 F. Supp. 3d at 1377-78.

Although Assan maintains that Commerce's application of AFA with respect to

BILLADJ2U is contrary to the record evidence for the reasons above, and as explained in its filings with this Court, Assan supports the Final Remand Redetermination and will not request a second remand to the agency on the this issue solely in the interest of expediency.

Assan looks forward to an expedient resolution to this case, which results in the calculation of a *de minimis* margin and excludes it from the AD order. *See* 19 U.S.C. § 1673d(c)(2); *see also Beijing Tianhai Indus. v. United States*, 255 F. Supp. 3d 1311, 1312 (Ct. Int'l Trade 2017) (sustaining Commerce's remand redetermination excluding a respondent from the order after calculating a *de minimis* margin on remand). Because Assan should be excluded from the AD order, the ongoing first and second administrative reviews should also be terminated with respect to Assan. *See, e.g.*, *Certain Hot-Rolled Steel Flat Products From the Republic of Turkey: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019*, 86 Fed. Reg. 47058 (Dep't Commerce Aug. 23, 2021), and accompanying Issues and Decision Memorandum at 1-2 (discontinuing the review with respect to respondent after judgment that merchandise produced and exported by respondent was excluded from the order).

IV. **CONCLUSION**

Assan respectfully requests that the Court sustain Commerce's Final Remand Determination, and order Commerce to promptly publish an amended final determination and AD order assigning a *de minimis* margin to Assan and terminating the first and second administrative reviews with respect to Assan. We further request that Commerce instruct U.S. Customs and Border Protection to both refund any cash deposits collected from Assan pursuant to the AD order and cease collection of cash deposits of subject merchandise produced or exported by Assan pursuant to the AD order.

A proposed Order accompanies these comments.

Respectfully submitted,

**/s/ Leah N. Scarpelli**
Leah N. Scarpelli
Jessica R. DiPietro
Matthew M. Nolan

June 30, 2023

*Counsel for Assan Aluminyum Sanayi ve Ticaret A.S.*

# CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that Plaintiff's Comments on the Final Remand Redetermination filed on June 30, 2023, complies with the word limitation requirement. The word count for Plaintiff's Comments, as computed by ArentFox Schiff LLP's word processing system is 2,657.


 **/s/ Leah N. Scarpelli**
Leah N. Scarpelli

# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., | ) ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) Consol. Court No. 21-00246 ) |
| *Defendant*, | ) ) ) |
| ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP, et al., | ) ) ) ) |
| *Defendant-Intervenors.* | ) ) ) |

# **ORDER**

Upon consideration of the Final Remand Redetermination filed on May 31, 2023 by Defendant, the parties' comments on the Final Remand Redetermination, and all other papers and proceedings herein, it is hereby

**ORDERED** that the Department of Commerce's Final Remand Redetermination is SUSTAINED; and it is further

**ORDERED** that the Department of Commerce shall terminate the antidumping duty order on *Common Alloy Aluminum Sheet from Turkey* with respect to Assan; and it is further

**ORDERED** that the Department of Commerce shall terminate the ongoing first and second administrative reviews of the antidumping duty order on *Common Alloy Aluminum Sheet from Turkey* with respect to Assan; and it is further

**ORDERED** that the Department of Commerce shall instruct U.S. Customs and Border Protection to refund any cash deposits collected from Assan Aluminyum Sanayi ve Ticaret A.S. pursuant to the antidumping duty order on *Common Alloy Aluminum Sheet from Turkey*; and it is further

AFDOCS:198453494.6

**ORDERED** that the Department of Commerce shall instruct U.S. Customs and Border Protection to cease collection of cash deposits for any subject merchandise produced or exported by Assan Aluminyum Sanayi ve Ticaret A.S.

**SO ORDERED.**

Dated: _____, 2023
New York, New York

_____
The Hon. Gary S. Katzmann, Judge