NONCONFIDENTIAL

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Consol. Court No. 21-00246 |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ET AL., | ) ) ) ) ) |
| Defendant-Intervenors. | ) ) |

## CONSOLIDATED PLAINTIFFS' RESPONSE TO ASSAN ALUMINYUM SANAYI VE TICARET A.S.'S COMMENTS ON REMAND REDETERMINATION

John M. Herrmann
Paul C. Rosenthal
Joshua R. Morey
Kelley Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
(202) 342-8400

**Counsel to Consolidated Plaintiffs**

Dated: July 31, 2022

**NONCONFIDENTIAL**

Table of Contents

Page

CONSOLIDATED PLAINTIFFS' RESPONSE TO ASSAN ALUMINYUM SANAYI VE TICARET A.S.'S COMMENTS ON REMAND REDETERMINATION ...................................................................................................1

I.  ASSAN'S CLAIMS REGARDING CONSOLIDATED PLAINTIFFS' PROPOSED ALTERNATIVE DUTY DRAWBACK METHODOLOGY ARE WRONG .................................................................................................................1

   A.  Consolidated Plaintiffs' Proposed Alternative Duty Drawback Methodology Does Not Involve Tracing ..................................................2

   B.  Defendant's Duty Drawback Methodology – Not Consolidated Plaintiffs' Proposed Alternative – Distorts The Duty Drawback Adjustment Calculated for Assan ........................................................5

II. THE COURT SHOULD HOLD THAT ASSAN HAS WAIVED ANY CHALLENGE TO DEFENDANT'S APPLICATION OF AFA REGARDING BILLING ADJUSTMENTS......................................................8

III. CONCLUSION...................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Am. Tubular Prods., LLC v. United States,
   2014 Ct. Intl. Trade LEXIS 118 (2014) ...................................................................................2

Baley v. United States,
   942 F.3d 1312 (Fed. Cir. 2019) ..........................................................................................2, 8

Tianjin Wanhua Co. v. United States,
   179 F. Supp. 3d 1062 (Ct. Int'l Trade 2016) ...........................................................................2

Uttam Galva Steels Ltd. v. United States,
   311 F. Supp. 3d 1345 (Ct. Int'l Trade 2018), aff'd, 997 F.3d 1192
   (Fed. Cir. 2021) ......................................................................................................................2

Z.A. Sea Foods Priv. Ltd. v. United States,
   606 F. Supp. 3d 1335 (Ct. Int'l Trade 2022) .......................................................................2, 8

**Statutes and Regulations**

19 U.S.C. § 1677a(c)(1)(B) .............................................................................................................7

19 U.S.C. § 1677e(b) ......................................................................................................................8

**Administrative Determinations**

Decision Memorandum for the Preliminary Results of the Antidumping Duty
   Administrative Review of Steel Concrete Reinforcing Bar from the Republic
   of Turkey; 2021-2022 (Dep't Commerce July 26, 2023) .......................................................3

Decision Memorandum for Preliminary Results of Antidumping Duty
   Administrative Review: Circular Welded Carbon Steel Standard Pipe and
   Tube Products from Turkey; 2021-2022 (Dep't Commerce May 31, 2023),
   ref'd in 88 Fed. Reg. 37,204 ..................................................................................................3

Decision Memorandum for the Preliminary Results of the Antidumping Duty
   Administrative Review of Common Alloy Aluminum Sheet from India; 2020-
   2022 (Dep't Commerce Apr. 28, 2023),
   ref'd in 88 Fed. Reg. 29,082 ............................................................................................. 3-4

Final Results of Redetermination Pursuant To Court Remand
 (Dep't Commerce May 31, 2023 (ECF No. 94) ............................................................ *passim*

NONCONFIDENTIAL

# CONSOLIDATED PLAINTIFFS' RESPONSE TO ASSAN ALUMINYUM SANAYI VE TICARET A.S.'S COMMENTS ON REMAND REDETERMINATION

These comments, filed on behalf of the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members, Aleris Rolled Products, Inc.; Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc. (collectively, "Consolidated Plaintiffs"), respond to comments filed on behalf of Assan Aluminyum Sanayi ve Ticaret A.S. ("Assan"). See Pl.'s Comments Remand Redetermination, June 30, 2023 (ECF No. 99) (hereinafter, "Assan's Cmts."). For the reasons set forth below, and for the reasons addressed in Consolidated Plaintiffs' comments on the Department of Commerce's ("Defendant" or "the Department") Final Results of Redetermination Pursuant To Court Remand, May 31, 2023 (ECF No. 94) (hereinafter, "Remand Results"), the Court should:

1. remand for reconsideration Defendant's calculation of a duty drawback adjustment with respect to Assan; and

2. hold that Assan has waived any challenge to Defendant's reliance on adverse facts available in calculating Assan's billing adjustment.

I. ASSAN'S CLAIMS REGARDING CONSOLIDATED PLAINTIFFS' PROPOSED ALTERNATIVE DUTY DRAWBACK METHODOLOGY ARE WRONG

As Consolidated Plaintiffs stated in their affirmative comments on Defendant's Remand Results, we do not urge the Court to direct the Department's methodology on remand, as there may be more than one methodology for calculating a duty drawback adjustment that is consistent with the statute. See Consol. Pls.' Comments Remand Redetermination at 8, June 30, 2023 (ECF

No. 100) (hereinafter, "Consol. Pls. Cmts."). As discussed below, however, Assan's comments challenging as unlawful Consolidated Plaintiffs' proposed alternative methodology are wrong.[1]

### A. Consolidated Plaintiffs' Proposed Alternative Duty Drawback Methodology Does Not Involve Tracing

Assan claims that Consolidated Plaintiffs' proposed alternative duty drawback methodology would involve "tracing" specific imported inputs into specific finished goods destined for export. See Assan's Cmts. at 5-6 (ECF No. 99). Like Defendant did in its Remand Results, Assan also cites Uttam Galva as supporting rejecting the use of a methodology that involves tracing. See id. at 6 (ECF No. 99) (citing Uttam Galva Steels Ltd. v. United States, 311 F. Supp. 3d 1345, 1355 (Ct. Int'l Trade 2018), aff'd, 997 F.3d 1192 (Fed. Cir. 2021) ("Uttam Galva")). Contrary to Assan's arguments, however, Consolidated Plaintiffs' proposed alternative methodology does not involve tracing.

---

[1] Assan argues in a footnote that "Petitioners have failed to exhaust administrative remedies" with respect to proposing an alternative duty drawback methodology. Assan's Cmts. at 5 n.1. Because this argument is raised in a footnote, without any further development, the Court should determine that Assan has waived this argument. See Z.A. Sea Foods Priv. Ltd. v. United States, 606 F. Supp. 3d 1335, 1343-44 (Ct. Int'l Trade 2022) ("Issues that are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting Baley v. United States, 942 F.3d 1312, 1331 (Fed. Cir. 2019)); Tianjin Wanhua Co. v. United States, 179 F. Supp. 3d 1062, 1067 (Ct. Int'l Trade 2016) ("The court does not entertain substantive arguments raised in footnotes.") (citing inter alia Am. Tubular Prods., LLC v. United States, 2014 Ct. Intl. Trade LEXIS 118 (2014)). Moreover, Consolidated Plaintiffs raised the alternative methodology in their administrative comments on the Commerce Department's draft remand redetermination, thereby providing the agency with an opportunity to address the issue and exhausting Consolidated Plaintiffs' administrative remedies. Finally, Defendant's duty drawback calculation is inconsistent with the plain-language of the statute. See Consol. Pls. Cmts. at 4-7. Thus, the issue implicates a "pure question of law" and may be addressed by this Court regardless of whether the issue has been exhausted. See Itochu Bldg. Prods. v. United States, 733 F.3d 1140, 1146 (Fed. Cir. 2013) (citing Agro Dutch Indus. Ltd. v. United States, 508 F.3d 1024, 1029 (Fed. Cir. 2007)).

Defendant uses the term "tracing" in the standard section of its duty drawback analysis. For example, in explaining the standard for granting eligibility for a duty drawback adjustment, the Department has often stated:

> In determining whether a respondent is entitled to duty drawback, we look for a reasonable link between the duties imposed and those rebated or exempted. We do not require that the imported material be *traced* directly from importation through exportation. However, we require that the company meet our "two-pronged" test in order for the adjustment to be made to EP or CEP.

<u>Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Steel Concrete Reinforcing Bar from the Republic of Turkey; 2021-2022</u>, at 14 (Dep't Commerce July 26, 2023) (emphasis added);[2] <u>see also</u> <u>Decision Memorandum for Preliminary Results of Antidumping Duty Administrative Review: Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey; 2021-2022</u>, at 16 (Dep't Commerce May 31, 2023), <u>ref'd in</u> 88 Fed. Reg. 37,204 (same); <u>Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review of Common Alloy Aluminum Sheet from India; 2020-2022</u>, at 10 (Dep't Commerce Apr. 28, 2023), <u>ref'd in</u> 88 Fed. Reg. 29,082 (same) ("<u>CAAS India AR 1 Prelim. Memo</u>").

As these decisions make clear, the Department's use of the term "trace" or "tracing" involves a standard that the agency applies in determining whether a respondent *is eligible* for a duty drawback adjustment, but does not concern the agency's calculation of the adjustment itself. The Department's two-pronged test requires that (1) "the import duty and its rebate or exemption be directly linked to, and dependent upon, one another (or the exemption from import duties is

---

[2] The Department's notice announcing the preliminary results of this administrative review has not been published in the <u>Federal Register</u> at the time of the filing of these comments.

linked to exportation)" and (2) "there were sufficient imports of materials to account for the duty drawback or exemption granted for the export of the manufactured product." CAAS India AR 1 Prelim. Memo, at 10-11. In other words, as the language quoted above makes clear, the Department does not require a respondent to show specific tracing of imported inputs into the production of the finished goods exported to the United States to demonstrate eligibility for a duty drawback adjustment.

Consolidated Plaintiffs are not here challenging the Department's determination that Assan is eligible for a duty drawback adjustment.[3] Rather, Consolidated Plaintiffs challenge the methodology applied by the Department to calculate the adjustment. Thus, Assan's and Defendant's reliance on the term "tracing" are inapposite, as that term concerns a respondent's eligibility for a drawback adjustment – and not the calculation of the adjustment itself. Indeed, as discussed below, Consolidated Plaintiffs' proposed alternative methodology relies on the same numerator and denominator of imports and exports under IPC [    ] that Defendant relied in the Remand Results, and assigns an adjustment to all U.S. sales, just like the Department did in the Remand Results. Tellingly, neither Assan, nor Defendant have identified the portion of Consolidated Plaintiffs' proposed alternative methodology that purportedly relies on tracing imported material from importation through exportation. In fact, a calculation involving tracing would not even be possible in the instant case because the record does not contain the requisite information. Thus, Consolidated Plaintiffs' proposed alternative methodology does not require any tracing.

---

[3] Consolidated Plaintiffs do not waive their earlier arguments presented to this Court in their initial 56.2 brief and reply brief that the Department's determination to grant Assan a duty drawback adjustment is unlawful.

### B. Defendant's Duty Drawback Methodology – Not Consolidated Plaintiffs' Proposed Alternative – Distorts The Duty Drawback Adjustment Calculated for Assan

Assan also argues that Consolidated Plaintiffs' proposed methodology "misunderstands Commerce's per-unit drawback calculation," "would {} seriously dilute the statutory adjustment," and is "mathematically and factually incorrect due to the inconsistent numerator and denominator resulting from allocating duties exempted under a single, closed IPC over all U.S. exports, including exports that were made pursuant to other IPCs." Assan's Cmts. at 6 (ECF No. 99). Contrary to Assan's claims, it is the Department's methodology – not Consolidated Plaintiffs' proposed alternative – that seriously distorts the U.S. price adjustment.

Under the approached applied by the Department in the Remand Results, the duty drawback adjustment depends on the volume of subject merchandise Assan reported during the period of review. As Consolidated Plaintiffs' explained in their affirmative comments, Defendant calculated a per unit drawback adjustment of [     ] USD per metric ton by dividing the total customs duties exempted pursuant to IPC [    ], i.e., [       ], by the total quantity of exports Assan made pursuant to this same IPC regardless of export destination, i.e., [       ] MT. See Consol. Pls. Cmts at 2 (ECF No. 100); Remand Calc Memo at 3 (Remand CR 1) (Remand PR 2)[4]; see also Response from Mayer Brown, LLP to Sec

---

[4] Documents in the administrative record compiled in connection with the Remand Results are cited using the descriptions provided in the Index to the Administrative Record, filed with this Court on June 23, 2023 (ECF No. 97). Documents are cited by their confidential record number ("Remand CR __") and/or their public record number ("Remand PR __"), as appropriate. Additionally, documents in administrative record compiled in connection with the Department's original determination are cited using the descriptions provided in the Index to the Administrative Record, filed with this Court on June 30, 2021 (ECF No. 15). These documents are cited by their confidential record number ("CR ") and/or their public record number ("PR __"), as appropriate.

of Commerce Pertaining to Assan Sec C QR at Exh. C-12 (CR 52) (PR 142-143) (hereinafter "CQR"). The Department then assigned the [      ] USD per metric ton to all of Assan's reported U.S. sales, regardless of whether they were exported pursuant to IPC [      ], or any IPC. See Remand Calc Memo at 3 (Remand CR 1) (Remand PR 2). The total duty drawback adjustment, therefore, was [      ] USD, i.e., [      ] USD per metric ton multiplied by the total quantity of Assan's U.S. sales of [      ] metric tons. See Consol. Pls. Cmts. at 3 (ECF No. 100).

IPC [      ] was closed by [      ], as the closing documents make clear. See CQR at Exhibit C-10 (CR 52) (PR 142-143). The Department, however, adjusted U.S. price for all sales to the United States by Assan as if all such sales were exported pursuant to IPC [      ], regardless of whether that was actually the case and, indeed, Assan had sales [

      ] If Assan had hypothetically doubled its U.S. sales during the period of investigation to [      ] MT, under the Department's methodology, the agency would have granted Assan a duty drawback adjustment of [      ], i.e., more than the total amount of duty liability the Turkish government actually exempted pursuant to IPC [      ]. Thus, while Assan claims that Consolidated Plaintiffs' proposed alternative methodology is mathematically inaccurate, it is Defendant's methodology that is demonstrably mathematically distortive.

Indeed, neither Assan, nor Defendant – other than making unsubstantiated allegations – have explained why Consolidated Plaintiffs' proposed methodology is distortive. Assan states that Consolidated Plaintiffs' proposed alterative involves a denominator that "{u}ses all U.S. sales" and that there is an "inconsistent numerator and denominator." Assan's Cmts. at 6 (ECF

No. 99). Contrary to these claims, Consolidated Plaintiffs' proposed alternative methodology calculates the total duty liability forgiven by the Turkish government by reason of exports that meet the statutory definition – i.e., (1) subject merchandise; (2) that is exported to the United States; and (3) that is exported during the period of investigation. See 19 U.S.C. § 1677a(c)(1)(B). This figure is calculated by determining the volume of Assan's exports under IPC [    ] that meet the statutory definition and multiplying it by the same per unit amount of duty liability exempted for exports under IPC [    ] that Assan and Defendant calculated – [    ] USD per metric ton – which is based on the same numerator and denominator that Assan and Defendant used. See Letter from Kelley Drye & Warren LLP to Sec of Commerce Pertaining to Petitioners Cmts on Draft Remand at Attachment 1 (Remand CR 11) (Remand PR 8). Finally, Consolidated Plaintiffs convert the total duty liability forgiven by the Turkish government by reason of exports that meet the statutory definition to a per-unit amount using all U.S. sales as the denominator *because that is the universe of sales to which Commerce will assign the resulting per-unit amount*. See id. To be consistent with the statute, once the per-unit drawback amount is extended (by multiplying by sales quantity) and summed over total sales, the resulting total must be equal to the total import duties that were exempted "by reason of the exportation of the subject merchandise to the United States." 19 U.S.C. § 1677a(c)(1)(B). That will only be the case if the denominator used to calculate the per-unit amount is derived from the same universe of sales to which the per-unit amount is applied.[5] Put differently, if

---

[5] For example, Consolidated Plaintiffs' proposed alternative methodology results in a per-unit drawback adjustment of [    ] USD per metric ton. Letter from Kelley Drye & Warren LLP to Sec of Commerce Pertaining to Petitioners Cmts on Draft Remand at Attachment 1 (Remand CR 11) (Remand PR 8). Extending this per-unit amount and summing over all U.S. sales would result in a total amount of [    ] USD (calculated as [

(cont'd on next page)

Defendant assigns a per-unit drawback adjustment to all U.S. sales (regardless of whether they are exported pursuant to IPC [     ]), then the per-unit adjustment must be allocated over all U.S. sales (i.e., the same universe of sames to which the adjustment is assigned). Thus, there is nothing mathematically inaccurate about Consolidated Plaintiffs' proposed alternative, and the numerator and denominator are not inconsistent.

\* \* \*

In sum, as Consolidated Plaintiffs' demonstrated in their affirmative comments on the Remand Results, Defendant's methodology is contrary to statute's plain language. See Consol. Pls. Cmts. at 4-7 (ECF No. 100). Moreover, Defendant's rejection of Consolidated Plaintiffs' proposed alterative is also unlawful. See id. at 7-11. As a result, the Department should remand Defendant's duty drawback adjustment to be re-calculated consistent with the statute.

## II. THE COURT SHOULD HOLD THAT ASSAN HAS WAIVED ANY CHALLENGE TO DEFENDANT'S APPLICATION OF AFA REGARDING BILLING ADJUSTMENTS

Assan claims the Department should not have relied on adverse facts available ("AFA") regarding its reported billing adjustments under BILLADJ2U. See Assan's Cmts. at 7-8. Specifically, Assan claims the "Commerce should have relied on its discretion under 19 U.S.C. § 1677e(b) to not apply an adverse inference to Assan." Id. at 8. Assan has failed to develop this argument and the Court should hold that Assan's challenge to Defendant's reliance on AFA regarding BILLADJ2U is waived. See Z.A. Sea Foods Priv., 606 F. Supp. 3d at 1343-44 ("Issues that are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting Baley v. United States, 942 F.3d

---

          ]), which is equal to the total duty liability forgiven by the Turkish government by reason of exports that meet the statutory definition. See id.

1312, 1331 (Fed. Cir. 2019)). Indeed, Assan states that it "will not request a second remand to the agency on {} this issue solely in the interest of expediency." Id. Regardless of Assan's reasoning for not requesting a remand regarding this issue, Assan has failed to develop any legal or factual challenge regarding Defendant's reliance on AFA with respect to BILLADJ2U and, accordingly, the Court should hold any such challenge waived.

### III.     CONCLUSION

For the reasons set forth above and in Consolidated Plaintiffs' comments on Defendant's Remand Results, Consolidated Plaintiffs respectfully urge this Court to determine that:

1. Defendant's Remand Results are not supported by substantial evidence and are otherwise not in accordance with law with respect to Defendant's calculation of Assan's duty drawback adjustment; and

2. Assan has waived any challenge to the Department's reliance on AFA with respect to BILLADJ2U.

Consolidated Plaintiffs, therefore, urge this Court to remand the Remand Results to the Department with instructions to calculate a duty drawback adjustment that is consistent with the statute's plain language.

                                               Respectfully submitted,

                                               /s/John M. Herrmann
                                               JOHN M. HERRMANN
                                               PAUL C. ROSENTHAL
                                               JOSHUA R. MOREY
                                               KELLEY DRYE & WARREN LLP
                                               3050 K Street, N.W., Suite 400
                                               Washington, DC  20007
                                               (202) 342-8400

                                               Counsel to Consolidated Plaintiffs

Dated:  July 31, 2023

**CERTIFICATE OF COMPLIANCE**
**WITH COURT OF INTERNATIONAL TRADE**
**STANDARD CHAMBERS PROCEDURES**

Pursuant to the Court of International Trade Standard Chambers Procedures, and the U.S. Court of International Trade's decision in <u>Assan Aluminyum Sanayi ve Ticaret A.S. v. United States</u>, 624 F. Supp. 3d 1343 (Ct. Int'l Trade 2023) setting word limits for "cumulative" remand submissions to 10,000 words, undersigned counsel to Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members, Aleris Rolled Products, Inc.; Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc. (collectively, "Consolidated Plaintiffs"), certifies that the combined total word count of its June 30, 2023 Comments on Commerce's Remand Redetermination (ECF No. 100) (3,555 words) and its July 31, 2023 Response to Assan Aluminyum Sanayi ve Ticaret A.S. Comments on Remand filed today (2,697 words) is less than 10,000 words including footnotes. The word-count certification is made in reliance on the word-count feature contained in Microsoft Word Office 2016.

Respectfully submitted,

<u>/s/ John M. Herrmann</u>
JOHN M. HERRMANN
PAUL C. ROSENTHAL
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
(202) 342 8400

Counsel to Consolidated Plaintiffs

Dated:  July 31, 2023