IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., <br><br>Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>Defendant, <br><br>and <br><br>ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE, ENFORCEMENT WORKING GROUP, et al., <br><br>Defendant-Intervenors. | Court No. 21-00246 |

**DEFENDANT'S POST-ARGUMENT SUBMISSION AND
RESPONSE TO THE COURT'S SUPPLEMENTAL QUESTIONS**

Defendant, the United States, respectfully submits these responses to the Court's Questions for Supplemental Briefing, ECF No. 113, issued January 26, 2024.

1. **What is Commerce's burden to explain its use of a single closed IPC as its basis for calculating a uniform per-unit duty drawback adjustment and applying that adjustment to sales made under separate open IPCs? Does the record demonstrate that Commerce has satisfied that burden?**

**ANSWER:**

Commerce bears the burden to explain why the closed IPC is a relevant and reliable source for measuring a uniform per-unit duty drawback for all exports of common alloy aluminum sheet and to identify substantial record evidence supporting that determination. *See*

19 U.S.C. § 1516a(b)(1)(B). Commerce satisfied that burden in its remand redetermination. *See* Final Results of Redetermination Pursuant to Court Remand, May. 31, 2023 (Remand Redetermination), ECF No. 94. In particular, to calculate the per-unit adjustment, Commerce relied on a closed IPC that relates to imports of coil that are consumed in the production of subject merchandise and that are being tied to the export of subject merchandise. Remand Redetermination at 13. Therefore, the resulting per-unit ratio reflects the correct relationship between the input (coil) and finished product (common alloy aluminum sheet) that is directly relevant to the merchandise under investigation. *Id.* at 13-14. Accordingly, Commerce satisfied its burden to explain its use of a closed IPC as its basis for calculating the per-unit drawback adjustment, a methodology that has been sustained by this Court. *See Habas Sinai ve Tibbi Gazlar Istihsal Enustrisi, A.S. v. United States*, 439 F. Supp. 3d 1342, 1349 (Ct. Int'l Trade 2020) ("Commerce reasonably predicates its inclusion of IPCs on evidence of closure as demonstrating final duty exemption.").

To the extent the Court questions why the per-unit adjustment should be applied to all sales rather than just sales under the closed IPC, we respectfully submit that Commerce did not address that issue because it was not raised by the parties. Although petitioners challenged Commerce application of Commerce's calculated per-unit adjustment to all of Assan's sales, petitioners' challenge was not to the application to all United States sales. Rather, petitioners' challenge was to how Commerce calculated the per-unit adjustment. *See* Petitioners' Comments on Draft Redetermination (Remand C.R. 11, Remand P.R. 8), ECF No. 108 at 4. Indeed, petitioners argued that Commerce should apply a different per-unit amount to *all* of Assan United States sales. *See id.* at 5-6.

**2. Why was it reasonable for Commerce to assume that the three open IPCs at issue in this case would eventually be closed?**

    **a. Does the record contain Commerce's statement of that assumption?**

**ANSWER**

The record in the investigation and final remand redetermination does not explicitly state the basis for this assumption because none of the parties to the litigation challenged the assumption. Therefore, the Court need not consider it for the first time now. *Nucor Corp.*, 927 F.3d 1243, 1255 (Fed. Cir. 2019). As explained above, petitioners' proposed methodology uses a per-unit adjustment that is applied to *all* of Assan's United States sales, regardless of whether those sales were made under an open or a closed IPC.[1] Moreover, as the record shows, no party had a basis to challenge that the open IPCs would eventually be closed because Assan had significant financial incentive to ensuring that the open IPCs were fulfilled and closed. *See* Section C Response June 29, 2020 at 42-43, (C.R. 52, P.R. 142-143), ECF No. 47 at 125-126 (outlining consequences for failing to meet export obligations).

                                                Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                PATRICIA M. McCARTHY
                                                Director

                                                <u>/s/Reginald T. Blades, Jr.</u>
                                                REGINALD T. BLADES, JR.
                                                Assistant Director

---

[1] Again, we do not suggest that petitioners did not challenge Commerce's application of Commerce's calculated per-unit adjustment to all of Assan United States sales. But petitioners did not argue that applying a per-unit amount to sales under an open IPC is inherently problematic, and Commerce thus did not specifically address that issue. Indeed, as stated, petitioners' proposed methodology applies a per-unit adjustment to sales under an open IPC.

| | |
|---|---|
| OF COUNSEL:<br>ASHLANDE GELIN<br>Attorney<br>Office of the Chief Counsel<br>    for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C. | /s/Kyle S. Beckrich<br>KYLE S. BECKRICH<br>Trial Attorney<br>U.S. Dept. of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-9322<br>E-mail: kyle.beckrich@usdoj.gov |
| January 31, 2024 | Attorneys for Defendant |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with this Court's directive regarding post-argument submissions in that it contains 650 words, including text, footnotes, and headings.

/s/Kyle S. Beckrich
Kyle S. Beckrich