# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S.,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*,<br><br>ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP, et al.,<br><br>*Defendant-Intervenors*. | Consol. Court No. 21-00246 |

## PLAINTIFF'S COMMENTS ON SECOND REMAND REDETERMINATION

Leah N. Scarpelli
Matthew M. Nolan
Jessica R. DiPietro

ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, D.C. 20006
Tel: (202) 857-6013
Fax: (202) 857-6395
Email: leah.scarpelli@afslaw.com

August 30, 2024

AFDOCS:200908366.4

## TABLE OF CONTENTS

Page

I. SUMMARY OF THE ARGUMENT ................................................................................ 1
II. COMMERCE'S SECOND REMAND REDETERMINATION ....................................... 2
III. ARGUMENT ..................................................................................................................... 4
IV. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*,
    701 F. Supp. 3d 1321 (Ct. Int'l Trade 2024) ................................................................1, 2, 4, 6

*Beijing Tianhai Indus. v. United States*,
    255 F. Supp. 3d 1311 (Ct. Int'l Trade 2017) ...............................................................................6

*Toscelik Profil ve Sac Endustrisi A.Ş. v. United States*,
    348 F. Supp. 3d 1321 (Ct. Int'l Trade 2018) ...............................................................................5

*Uttam Galva Steels Ltd. v. United States*,
    997 F.3d 1192 (Fed. Cir. 2021)................................................................................................4, 5

**Federal Statutes**

19 U.S.C. § 1673d(c)(2)...................................................................................................................6

19 U.S.C. § 1677a(c)(1)(B).................................................................................................2, 4, 5, 6

**Administrative Determinations**

*Certain Hot-Rolled Steel Flat Products From the Republic of Turkey: Final
    Results of Antidumping Duty Administrative Review and Final Determination
    of No Shipments; 2018-2019*,
    86 Fed. Reg. 47058 (Dep't Commerce Aug. 23, 2021), and accompanying
    Issues and Decision Memorandum ............................................................................................6

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., <br><br> *Plaintiff,* <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant,* <br><br> ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP, et al., <br><br> *Defendant-Intervenors.* | Consol. Court No. 21-00246 |

## PLAINTIFF'S COMMENTS ON SECOND REMAND REDETERMINATION

Pursuant to the U.S. Court of International Trade's opinion and order dated April 11, 2024, ECF No. 119, Plaintiff Assan Aluminyum Sanayi ve Ticaret A.S. ("Assan") provides the following comments in response to the U.S. Department of Commerce's ("Commerce") Final Results of Second Redetermination Pursuant to Court Remand filed on July 31, 2024, ECF No. 122 ("Second Remand Redetermination"). The Second Remand Redetermination was issued pursuant to the April 11, 2024 remand order of the U.S. Court of International Trade ("CIT"). *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, 701 F. Supp. 3d 1321 (Ct. Int'l Trade 2024) ("*Second Remand Order*"). These comments are timely filed pursuant to the Court's June 28, 2024 order extending the remand deadlines, ECF No. 121.

### I.   SUMMARY OF THE ARGUMENT

In *Assan Aluminyum Sanayi ve Ticaret A.S. v. United States*, the Court remanded for a second time Commerce's final determination in the underlying antidumping duty investigation of

1

Common Alloy Aluminum Sheet ("CAAS") from Turkey ("AD order") to "reconsider or further explain" its methodology calculating duty drawback "in light of the statutory constraints imposed by 19 U.S.C. § 1677a(c)(1)(B)," and to respond to arguments raised by the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its Individual Members (the "Association"). 701 F. Supp. 3d at 1333. In its Second Remand Redetermination, Commerce complied with the *Second Remand Order* by recalculating the duty drawback adjustment granted to Assan. The net effect of Commerce's recalculation results in a *de minimis* margin for Assan. Second Remand Redetermination at 2. Because the drawback methodology in Commerce's Second Remand Redetermination results in a *de minimis* margin, Assan supports the Second Remand Redetermination and requests an expedient resolution of this case.

## II.   COMMERCE'S SECOND REMAND REDETERMINATION

As detailed above, Commerce's Second Remand Redetermination addresses one substantive issue – the calculation of Assan's duty drawback adjustment. In the Second Remand Redetermination, Commerce decreased Assan's duty drawback benefit consistent with the instructions of the Court in the *Second Remand Order*. Specifically, based on the Court's finding that section 772(c)(1)(B) of Tariff Act of 1930 (19 U.S.C. § 1677a(c)(1)(B)) limits the duty drawback benefit to import duties associated only with the subject merchandise, Commerce applied the duty drawback adjustment only to Assan's U.S. sales of subject merchandise associated with a closed Inward Processing Certificate ("IPC"). Second Remand Redetermination at 5-6. However, because information linking individual sales in Assan's U.S. sales database to a specific IPC was not previously requested by Commerce, and thus not on the record of the underlying investigation, Commerce re-opened the record on remand to request this

2

additional information necessary to calculate Assan's duty drawback adjustment in the manner contemplated by the Court. *Id.* Commerce specifically requested that Assan "identify the relevant in-scope merchandise exported to the United States associated with the IPC that was closed during the POI, and to tie these sales to the company's U.S. sales database" and "identify in the U.S. sales database which sales were made under an open IPC." *Id.* at 6; *see also id.* at 12-13.

Assan responded with the information requested, including evidence demonstrating that no sales were made under an open IPC because each IPC used during the period had subsequently been formally closed by the Government of Turkey ("GOT"). *Id.* at 7 & 13; *see also* Assan Group's Response to Remand Request for Additional Information to Calculate Duty Drawback (Jun. 6, 2024) ("Assan's Remand Response"), 2d Rem-C.R. 2-7, 2d Rem-P.R. 4; Assan Group's Submission of Comments and Rebuttal Factual Information in Response to Petitioners' June 13, 2024 Submission (Jun. 20, 2024) ("Assan's RFI"), 2d Rem-C.R. 9-11, 2d Rem-P.R. 6. Commerce accepted this submission as "timely and responsive to its questionnaire," and found that it was appropriate to include an additional IPC in its calculation given the clear evidence now on the record demonstrating its closure. Second Remand Redetermination at 8 & 13 ("We find Assan's response to Commerce's inquiry to be *both* reasonable and relevant . . . . accepting Assan's submissions provides Commerce with a complete record from which to redetermine the respondent's duty drawback adjustment."). Calculation of the duty drawback adjustment using both the IPC included in the investigation calculation and the additional IPC, which was subsequently closed by the GOT, results in the calculation of a *de minimis* margin for Assan. *Id.* at 4.

If the Second Remand Redetermination is sustained, Commerce will publish an amended final determination and AD order. *Id.* at 17. Assan respectfully requests that the ongoing second

3

and third administrative reviews of the AD order also be terminated with respect to Assan at that time and that U.S. Customs and Border Protection ("CBP") be instructed to refund cash deposits paid by Assan pursuant to the AD order.

### III. ARGUMENT

As an initial matter, Assan maintains that it is reasonable to treat all IPCs used during the POI of investigation as closed for the purpose of calculating duty drawback adjustments. *Id.* at 7. Though Commerce has previously rejected the validity of the "assumption that an IPC that is open during the {POI} will close . . . such that it is reasonable to treat all IPCs, open or closed, as closed for the purpose of calculating drawback adjustments," *Second Remand Order*, 701 F. Supp. 3d at 1329, record evidence in this case demonstrates that all IPCs used by Assan since 2014 have subsequently been closed by the Turkish government. Assan's Remand Response at 3 & Exh. 5, 2d Rem-C.R. 2, 4, 2d Rem-P.R. 4. As such, the grant of a duty drawback adjustment to all U.S. sales of subject merchandise made pursuant to an IPC, open or closed, is appropriate and consistent with the statute, 19 U.S.C. § 1677a(c)(1)(B), which requires an adjustment based on the "entire drawback." *Uttam Galva Steels Ltd. v. United States*, 997 F.3d 1192, 1198 (Fed. Cir. 2021).

Regardless, in this case, even application of a more limited adjustment based only on the IPCs that received official closure correspondence from the GOT results in the calculation of a *de minimis* margin for Assan. Having reopened the record and received responsive information from Assan demonstrating that an additional IPC used during the POI has closed, based on Commerce's own limited definition of that term,[1] Commerce was correct to include that IPC in

---

[1] Throughout this proceeding, Commerce has consistently defined an IPC as closed where there is "some indication from the {Turkish government} that the IPC was approved." *Second Remand Order*, 701 F. Supp. 3d at 1325 (alteration in original) (citation omitted).

its calculation.[2] This is especially true given that the additional closed IPC "is the same closed IPC with the same documentation reported in the first administrative review of this order." Second Remand Redetermination at 14. As the CIT has found, "exports that are in different administrative review periods that occur on the same {IPC} are entitled to the same adjustment." *Toscelik Profil ve Sac Endustrisi A.Ş. v. United States*, 348 F. Supp. 3d 1321, 1327 (Ct. Int'l Trade 2018).

Commerce's inclusion of the additional IPC "fulfills Commerce's statutory requirement to calculate fair and accurate dumping margins." Second Remand Redetermination at 14. It is also consistent with the statute and the directive of the Court in the *Second Remand Order*. The drawback statute provides:

> The price used to establish export price and constructed export price shall be . . . increased by . . . the amount of any import duties imposed by the country of exportation which have been rebated, or which have not been collected, by reason of the exportation of the subject merchandise to the United States{.}

19 U.S.C. § 1677a(c)(1)(B). Evidence on the record now establishes that Assan received additional exemptions of import duties by reason of its exportation of subject merchandise to the United States. There is no statutory basis for Commerce to ignore this record evidence of closed-IPC sales that have earned the benefit of this exemption by excluding them from its drawback calculation. To the contrary, the CAFC has held that the statute "requires an adjustment to 'export price' based on the full extent of the duty drawback." *Uttam Galva*, 997 F.3d at 1197.

---

[2] We note that though Assan provided evidence of closure for three additional IPCs, Commerce included only one of those additional IPCs in its revised drawback calculation. Second Remand Redetermination at 9. Because inclusion of that single, additional IPC results in the calculation of a *de minimis* margin for Assan, we do not challenge the exclusion of the two additional IPCs here. However, Assan reserves the right to challenge Commerce's exclusion of those IPCs in any subsequent appeal to the U.S. Court of Appeals for the Federal Circuit ("CAFC").

5

Commerce thus properly based its drawback calculation in the Second Remand Redetermination on the complete record before it, consistent with the requirements of the statute and the Court's *Second Remand Order*, which directed Commerce to "reconsider or further explain its duty drawback calculation methodology in light of the statutory constraints imposed by 19 U.S.C. § 1677a(c)(1)(B)." 701 F. Supp. 3d at 1333. Assan therefore agrees with the outcome of Commerce's Second Remand Redetermination, which results in the calculation of a *de minimis* margin and excludes Assan from the AD order. *See* 19 U.S.C. § 1673d(c)(2); *see also Beijing Tianhai Indus. v. United States*, 255 F. Supp. 3d 1311, 1312 (Ct. Int'l Trade 2017) (sustaining Commerce's remand redetermination excluding a respondent from the order after calculating a *de minimis* margin on remand).

Because Assan should be excluded from the AD order, Assan looks forward to an expedient resolution to this case, as well as the ongoing second and third administrative reviews, which should also be terminated with respect to Assan. *See, e.g.*, *Certain Hot-Rolled Steel Flat Products From the Republic of Turkey: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019*, 86 Fed. Reg. 47058 (Dep't Commerce Aug. 23, 2021), and accompanying Issues and Decision Memorandum at 1-2 (discontinuing the review with respect to respondent after judgment that merchandise produced and exported by respondent was excluded from the order). Participation in the first, second, and third administrative reviews of the AD order has been burdensome and expensive for Assan given that it should be excluded from the AD order in the investigation.

## IV.   CONCLUSION

Assan respectfully requests that the Court sustain Commerce's Second Remand Determination, and order Commerce to promptly publish an amended final determination and AD order assigning a *de minimis* margin to Assan and terminating the second and third

administrative reviews with respect to Assan. We further request that Commerce instruct CBP to both refund any cash deposits collected from Assan pursuant to the AD order and cease collection of cash deposits of subject merchandise produced or exported by Assan pursuant to the AD order.

    A proposed Order accompanies these comments.

                                   Respectfully submitted,

                                   **/s/ Leah N. Scarpelli**
                                   Leah N. Scarpelli
                                   Jessica R. DiPietro
                                   Matthew M. Nolan

August 30, 2024                    *Counsel for Assan Aluminyum Sanayi ve Ticaret A.S.*

# CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that Plaintiff's Comments on the 2nd Final Remand Redetermination filed on August 30, 2023, complies with the word limitation requirement. The word count for Plaintiff's Comments, as computed by ArentFox Schiff LLP's word processing system is 1797.


 /s/ Leah N. Scarpelli
Leah N. Scarpelli

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., <br><br> *Plaintiff*, <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*, <br><br> ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP, et al., <br><br> *Defendant-Intervenors.* | Consol. Court No. 21-00246 |

## **ORDER**

Upon consideration of the Second Remand Redetermination filed on July 31, 2024 by Defendant, the parties' comments on the Second Remand Redetermination, and all other papers and proceedings herein, it is hereby

**ORDERED** that the Department of Commerce's Second Remand Redetermination is SUSTAINED; and it is further

**ORDERED** that the Department of Commerce shall terminate the antidumping duty order on *Common Alloy Aluminum Sheet from Turkey* with respect to Assan; and it is further

**ORDERED** that the Department of Commerce shall terminate the ongoing second and third administrative reviews of the antidumping duty order on *Common Alloy Aluminum Sheet from Turkey* with respect to Assan; and it is further

**ORDERED** that the Department of Commerce shall instruct U.S. Customs and Border Protection to refund any cash deposits collected from Assan Aluminyum Sanayi ve Ticaret A.S. pursuant to the antidumping duty order on *Common Alloy Aluminum Sheet from Turkey*; and it is further

**ORDERED** that the Department of Commerce shall instruct U.S. Customs and Border Protection to cease collection of cash deposits for any subject merchandise produced or exported by Assan Aluminyum Sanayi ve Ticaret A.S.

**SO ORDERED.**

_____
The Hon. Gary S. Katzmann, Judge

Dated: _____, 2024
        New York, New York