**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE**

|  |  |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT GROUP AND ITS INDIVIDUAL MEMBERS, ET AL., <br><br> Defendant-Intervenors. | Consol. Court No. 21-00246 |

**CONSOLIDATED PLAINTIFFS' RESPONSE TO ASSAN'S COMMENTS ON SECOND REMAND REDETERMINATION**

JOHN M. HERRMANN
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP

Counsel to the Aluminum Association
Common Alloy Aluminum Sheet Trade
Enforcement Working Group and Its
Individual Members, et al.

October 7, 2024

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. v. United States,
  439 F. Supp. 3d 1342 (Ct. Int'l Trade 2020) ..................................................................3

ICDAS Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States,
  654 F. Supp. 3d 1311 (Ct. Int'l Trade 2023) ..................................................................3

Noksel Celik Boru Sanayi A.S. v. United States,
  Slip Op. 23-125, 2023 Ct. Intl. Trade LEXIS 126 (Ct. Int'l Trade Aug. 23,
  2023) .............................................................................................................................3

### **Administrative Determinations**

Final Results of Second Redetermination Pursuant to Court Remand:
  Assan Aluminyum Sanayi ve Ticaet A.S. v. United States, Consol. Ct. No.
  21-00246 (Dep't Commerce July 31, 2024) ("2nd Remand Results") ...............................1, 2

Issues and Decision Memorandum for the Final Results of the Administrative
  Review of the Antidumping Duty Order on Steel Concrete Reinforcing Bar
  from Turkey; 2019-2020 (Feb. 2, 2022) ("Rebar Turkey I&D Memo"), ref'd
  in 87 Fed. Reg. 7,118 (Dep't Commerce Feb. 8, 2022)..........................................2, 3

Issues and Decision Memorandum for the Final Results of the 2018-2019
  Administrative Review of the Antidumping Duty Order on Steel Concrete
  Reinforcing Bar from Turkey (May 21, 2021), ref'd in 86 Fed. Reg. 28,574
  (Dep't Commerce May 27, 2021), aff'd, ICDAS Celik Enerji Tersane ve
  Ulasim Sanayi, A.S. v. United States, 654 F. Supp. 3d 1311 (Ct. Int'l Trade
  2023) ....................................................................................................................... 2-3

**CONSOLIDATED PLAINTIFFS' RESPONSE TO ASSAN'S COMMENTS ON SECOND REMAND REDETERMINATION**

These comments, filed on behalf of the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members, Aleris Rolled Products, Inc.; Arconic Corporation; Commonwealth Rolled Products, Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc. (collectively, "Consolidated Plaintiffs"), respond to comments submitted on behalf of Assan Aluminyum Sanayi ve Ticaret A.S. ("Assan") (see ECF No. 125) (hereinafter "Assan's Comments") contesting certain aspects of the U.S. Department of Commerce's ("Commerce") Second Remand Redetermination.  See Final Results of Second Redetermination Pursuant to Court Remand: Assan Aluminyum Sanayi ve Ticaet A.S. v. United States, Consol. Ct. No. 21-00246 (Dep't Commerce July 31, 2024) (2nd Remand PR 16)[1] (ECF No. 122) (hereinafter, "2nd Remand Results").

Assan's comments on Commerce's 2nd Remand Results largely support the agency's determination arguing that "{e}vidence on the record now establishes that Assan received additional exemptions of import duties by reason of its exportation of subject merchandise to the United States" and that "Assan therefore agrees with the outcome of Commerce's Second Remand Redetermination, which results in the calculation of a *de minimis* margin and excludes Assan from the AD order."  Assan's Comments at 5-6.

---

[1] Documents in the administrative record compiled in connection with the 2nd Remand Results are cited using the descriptions in the Index to the Administrative Record, filed with this Court on August 14, 2024 (ECF No. 123).  Documents are cited by their confidential record number ("2nd Remand CR __") and/or their public record number ("2nd Remand PR __"), as appropriate.

As set forth in Consolidated Plaintiffs' comments challenging Commerce's 2nd Remand Results, the 2nd Remand Results are unlawful because they incorporate and rely on unsolicited, untimely, and unverified new factual information (see ECF No. 124) (hereinafter, "Consol. Pls.' Comments").  As a result, Consolidated Plaintiffs urge the Court to remand Commerce's 2nd Remand Results to recalculate the duty drawback adjustment based solely on timely filed and verified information.  See id.  Consolidated Plaintiffs will not repeat those detailed arguments here.

Assan, however, also argues "{a}s an initial matter" that "it is reasonable to treat all IPCs used during the {period} of investigation as closed for the purpose of calculating duty drawback adjustments."  Assan's Comments at 4.  Assan's claim is contrary to the agency's Court-approved practice and should be rejected.

Commerce's practice in proceedings involving merchandise from Turkey is to grant a duty drawback adjustment only with respect to inward processing certificates that have closed. See, e.g., Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Steel Concrete Reinforcing Bar from Turkey; 2019-2020, at 18 (Feb. 2, 2022) ("Rebar Turkey I&D Memo"), ref'd in 87 Fed. Reg. 7,118 (Dep't Commerce Feb. 8, 2022) (final results) (partially denying respondents' claimed duty drawback adjustments because the respondents failed to "provide evidence demonstrating that one of the {inward processing certificates} pertaining to its duty drawback claim was closed by the {Government of Turkey}"); Issues and Decision Memorandum for the Final Results of the 2018-2019 Administrative Review of the Antidumping Duty Order on Steel Concrete Reinforcing Bar from Turkey, at 12, 16 (May 21, 2021), ref'd in 86 Fed. Reg. 28,574 (Dep't Commerce May 27, 2021) (final results) (partially granting one respondent's request for a duty drawback adjustment

because the respondent "provided letters from the {Government of Turkey} to Kaptan Demir demonstrating that some of Kaptan Demir's {inward processing certificates} were closed by the {Government of Turkey}" and denying a second respondent's request for a duty drawback adjustment because that respondent had merely applied to close its inward processing certificates and not submitted evidence that the Government of Turkey had actually closed those certificates), aff'd, ICDAS Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States, 654 F. Supp. 3d 1311, 1320-22 (Ct. Int'l Trade 2023).  Commerce applies this methodology based on its determination that "{a} paid duty or duty liability does not qualify as a drawn back duty until the refund occurs or the liability is extinguished by the government" and, therefore, the second prong of Commerce's two-pronged test is not met until the inward processing certificate is closed.  Rebar Turkey I&D Memo at 18.

 The U.S. Court of International Trade has affirmed Commerce's reliance on this practice.  See Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. v. United States, 439 F. Supp. 3d 1342, 1349 (Ct. Int'l Trade 2020) (finding that "Commerce reasonably predicates its inclusion of {inward processing certificates} on evidence of closure as demonstrating final duty exemption"); see also ICDAS Celik Enerji Tersane ve Ulasim Sanayi, A.S., 654 F. Supp. 3d at 1320-22; Noksel Celik Boru Sanayi A.S. v. United States, Slip Op. 23-125 at 8-13, 2023 Ct. Intl. Trade LEXIS 126, at *9-14 (Aug. 23, 2023) (describing Commerce's evolving practice with respect to "closure" in analyzing the Turkish drawback system and sustaining the practice and evidentiary burden as reasonable).

 Thus, contrary to Assan's claim that it "is reasonable to treat all IPCs used during the {period} of investigation as closed for the purpose of calculating duty drawback adjustments," Commerce's practice requiring evidence that the Government of Turkey has closed an IPC is

-4-

lawful and consistent with the agency's court-approved practice.  Assan's Comments at 4.  This Court, therefore, should reject Assan's argument in addressing the 2nd Remand Results.

    Respectfully submitted,

    /s/ John M. Herrmann
    JOHN M. HERRMANN
    JOSHUA R. MOREY
    KELLEY DRYE & WARREN LLP
    3050 K Street, N.W., Suite 400
    Washington, D.C.  20007
    (202) 342-8400
    jherrmann@kelleydrye.com
    jmorey@kelleydrye.com


    Counsel to Consolidated Plaintiffs


Dated:  October 7, 2024

CERTIFICATE OF COMPLIANCE
WITH COURT OF INTERNATIONAL TRADE
STANDARD CHAMBERS PROCEDURES

Pursuant to the Court of International Trade Standard Chambers Procedures, and the U.S. Court of International Trade's decision in Assan Aluminyum Sanayi ve Ticaret A.S. v. United States, 624 F. Supp. 3d 1343 (Ct. Int'l Trade 2023) setting word limits for "cumulative" remand submissions to 10,000 words, undersigned counsel to Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members, Aleris Rolled Products, Inc., Arconic Corporation, Commonwealth Rolled Products Inc., Constellium Rolled Products Ravenswood, LLC, JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc. (collectively, "Consolidated Plaintiffs"), certifies that the combined total word count of its August 30, 2024 Comments on Commerce's Remand Redetermination (ECF No. 124) (5,630 words) and its October 7, 2024 Response to Assan Aluminyum Sanayi ve Ticaret A.S. Comments on Remand, filed today, (888 words) is less than 10,000 words including footnotes. The word count certification is made in reliance on the word-count feature contained in Microsoft 365 - Enterprise.

Respectfully submitted,

/s/ John M. Herrmann
JOHN M. HERRMANN
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
(202) 342 8400

Counsel to Consolidated Plaintiffs

Dated: October 7, 2024