UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S.,<br><br>             Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>             Defendant,<br><br>   and<br><br>ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ET AL.,<br><br>             Defendant-Intervenors. | Consol. Court No. 21-00246 |

**CONSOLIDATED PLAINTIFFS' COMMENTS ON
THIRD REMAND REDETERMINATION**

JOHN M. HERRMANN
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
(202) 342-8400

Counsel to Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and Its Individual Members, et al.

Dated: October 9, 2025

**NONCONFIDENTIAL**

# TABLE OF CONTENTS

**Page**

I. DEFENDANT INCORRECTLY CONCLUDED THAT THE RECORD SUPPORTS A FINDING THAT THE GOVERNMENT OF TURKEY HAS CLOSED IPC **[        ]** ............................................................................................... 2

II. CONCLUSION ............................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

### Cases

CVB, Inc. v. United States,
   675 F. Supp. 3d 1324 (Ct. Int'l Trade 2023) ..................................................................2

ICDAS Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States,
   654 F. Supp. 3d 1311 (Ct. Int'l Trade 2023) ............................................................... 2-3

Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,
   463 U.S. 29 (1983)..................................................................................................... 6-7

NMB Sing. Ltd v. United States,
   557 F.3d 1316 (Fed. Cir. 2009)................................................................................... 6-7

Save Domestic Oil, Inc. v. United States,
   357 F.3d 1278 (Fed. Cir. 2004)................................................................................... 6-7

Seneca Foods Corp. v. United States,
   740 F. Supp. 3d 1336 (Ct. Int'l Trade 2024) ..................................................................2

### Statutes and Regulations

19 C.F.R. § 351.401(b)(1)...................................................................................................2

### Administrative Determinations

Certain Aluminum Foil From the Republic of Turkiye:
   Final Results of Antidumping Duty Administrative Review; 2022–2023,
   90 Fed. Reg. 21,896 (May 22, 2025), and accompanying Issues and Decision
   Memorandum (May 16, 2025) .................................................................................... 5-6

Final Results Of Third Redetermination Pursuant To Court Remand:
   Assan Aluminyum Sanayi ve Ticaret A.S. v. United States,
   Consol. Court No. 21-00246 (Dep't Commerce Sept. 9, 2025)
   (3rd Remand CR 18) (3rd Remand PR 10) (ECF No. 158)
   ("3rd Remand Results")........................................................................................ passim

Steel Concrete Reinforcing Bar From the Republic of Turkey:
   Final Results of Antidumping Duty Administrative Review and Final
   Determination of No-Shipments; 2019-2020, 87 Fed. Reg. 7,118
   (Dep't Commerce Feb. 8, 2022), and accompanying Issues and Decision
   Memorandum (Feb. 2, 2022) ..........................................................................................5

Steel Concrete Reinforcing Bar From the Republic of Turkey:
    Preliminary Results of Antidumping Duty Administrative Review; 2021–
    2022, 88 Fed. Reg. 50,100 (Aug. 1, 2023) and accompanying Preliminary
    Decision Memorandum (July 27, 2023) (unchanged in final results) ................................. 5-6

# CONSOLIDATED PLAINTIFFS' COMMENTS ON
# THIRD REMAND REDETERMINATION

The following comments, filed on behalf of the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members, Aleris Rolled Products, Inc.; Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc. (collectively, "Consolidated Plaintiffs"), concern the U.S. Department of Commerce's ("Defendant") final results of third redetermination pursuant to Court remand. See Final Results Of Third Redetermination Pursuant To Court Remand: Assan Aluminyum Sanayi ve Ticaret A.S. v. United States, Consol. Court No. 21-00246 (Dep't Commerce Sept. 9, 2025) (3rd Remand CR 18) (3rd Remand PR 10)[1] (ECF No. 158) ("3rd Remand Results").

Defendant correctly denied a duty drawback adjustment for Aluminyum Sanayi ve Ticaret A.S.'s ("Assan") sales associated with Inward Processing Certificate ("IPC") **[     ]** because the record does not contain the information necessary to calculate a per-unit duty drawback adjustment for this IPC, nor the information necessary for Defendant to evaluate Assan's eligibility under the agency's two-pronged test for such an adjustment. See id. at 15-18 (3rd Remand CR 18) (3rd Remand PR 10). Defendant did conclude, however, that the record

---

[1]     Documents in the administrative record compiled in connection with the 3rd Remand Results are cited using the descriptions in the Index to the Administrative Record, filed with this Court on September 22, 2025 (ECF No. 160). Documents are cited by their confidential record number ("3rd Remand CR __") and/or their public record number ("3rd Remand PR __"), as appropriate. Additionally, documents in the administrative record compiled in connection with the 2nd Remand Results are cited using the descriptions in the Index to the Administrative Record, filed with this Court on August 14, 2024 (ECF No. 123). Documents are cited by their confidential record number ("2nd Remand CR __") and/or their public record number ("2nd Remand PR __"), as appropriate.

supports a finding that the Government of Turkey closed IPC [      ] See id. at 15 (3rd Remand CR 18) (3rd Remand PR 10).

As discussed below, Defendant applied the incorrect standard in determining that the Government of Turkey has closed IPC [     ], and its decision is not supported by substantial evidence.  The Court, however, need not remand the 3rd Remand Results.  Defendant's error in determining that IPC [     ] is closed is harmless because Defendant properly determined: (1) the record does not contain the information necessary to evaluate Assan's eligibility for a duty drawback adjustment under the agency's two-pronged test for sales made under IPC [     ]; and (2) Assan failed to submit the evidence necessary to meet its burden under 19 C.F.R. § 351.401(b)(1) for establishing the amount and nature of the adjustment.  See Seneca Foods Corp. v. United States, 740 F. Supp. 3d 1336, 1351-52 (Ct. Int'l Trade 2024) ("Even assuming Seneca's preservation of its assertion of error, and assuming further that Commerce erred in double-counting, such error would be harmless here.  The APA requires that "due account shall be taken of the rule of prejudicial error." . . . On these particular facts, Commerce's analysis in the Remand Results would have remained unaffected . . . . ") (citations omitted); see also CVB, Inc. v. United States, 675 F. Supp. 3d 1324, 1343 (Ct. Int'l Trade 2023) ("The touchstone of the harmless error inquiry is prejudice.  If the errors did not change the ultimate result of the agency action, they are harmless.").  Consolidated Plaintiffs, therefore, submit these comments solely for purposes of preserving salient issues.

I. **DEFENDANT INCORRECTLY CONCLUDED THAT THE RECORD SUPPORTS A FINDING THAT THE GOVERNMENT OF TURKEY HAS CLOSED IPC [     ]**

In the administrative proceedings underlying ICDAS Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States, 654 F. Supp. 3d 1311 (Ct. Int'l Trade 2023) (hereinafter, "Icdas"),

Commerce denied a duty drawback adjustment involving a number of IPCs on the basis that the respondent "did not provide documentation from the {Government of Turkey} that indicated that the IPCs were closed or approved." Icdas, 654 F. Supp. 3d at 1318. The Court sustained as reasonable Commerce's requirement that a respondent demonstrate the Government of Turkey has closed an IPC, not that a respondent has merely applied for closure. See id., 654 F. Supp. 3d at 1320-22. In order to qualify for a drawback adjustment, therefore, a respondent must provide "record evidence that showed the GOT had 'forgiven the duty liability.'" Id., 654 F. Supp. 3d at 1320. Defendant acknowledged this requirement in its redetermination in this action, stating: "To consider granting an adjustment, Commerce requires record evidence that the Government of Türkiye extinguished the liability under the IPC." 3rd Remand Results at 18 (3rd Remand CR 18) (3rd Remand PR 10). As explained further below, however, Defendant incorrectly concluded that record evidence establishes that the Government of Turkey had extinguished the duty liability associated with IPC [      ] See id. ("Assan's June 6 Submission, specifically Exhibits 5 and 2, provides such evidence which establishes that IPC [      ] is closed.") (3rd Remand CR 18) (3rd Remand PR 10).

First, Defendant refers to the "screenshot of the Turkish Ministry of Trade's Online IPR Portal (e-portal)" as evidence that the Government of Turkey has closed IPC [      ] See 3rd Remand Results at 8-9 (3rd Remand CR 18) (3rd Remand PR 10). While that contextless, partial screenshot indicates [                                        ], it provides no information on the terms of the closure, or whether IPC [      ] even involved any exempted imported duties (i.e., whether the IPC related to Turkey's suspension system or its drawback

system[2]).  See Response from Arentfox Schiff LLP to Sec. of Commerce Pertaining to Assan Duty Drawback Supp Qnaire at Exh. 2A (pdf pg. 196) (2nd Remand CR 3) (2nd Remand PR 4) (hereinafter "Assan's June 6, 2024 SQR").  Most importantly, the screenshot contains no statement by the Government of Turkey that it has forgiven any duty liability associated with IPC [    ]  See id. (2nd Remand CR 3) (2nd Remand PR 4).

Second, Defendant refers to the "[

]" as evidence that IPC [    ] has closed.  3rd Remand Results at 9 (3rd Remand CR 18) (3rd Remand PR 10).  That document, however, [                                                         ]  See Assan's June 6, 2024 SQR at Exh. 2B (pdf pgs. 203-204) ([                    ]); id. at Exh. 2A (pdf pg. 196) (showing that IPC [    ] has [

]) (2nd Remand CR 3-4) (2nd Remand PR 4).  Defendant acknowledged this fact in its redetermination, stating:

> The inward processing authorization certificate, meanwhile, was [
>
> ].

3rd Remand Results at 17 (3rd Remand CR 18) (3rd Remand PR 10).  As such, this document cannot possibly support a determination that the Government of Turkey has closed IPC [    ]  More crucially, the document contains no statement by the Government of Turkey that it has

---

[2] Only "suspension system" IPCs allow for the exemption of import duties, while "drawback system" IPCs allow for the exemption of only value added tax.  See Letter from Kelley Drye & Warren LLP to Sec. of Commerce Pertaining to Petitioners Cmts on Assan Supp QR at 3-5, Atts. 1-2 (2nd Remand CR 8) (2nd Remand PR 5).

forgiven any duty liability associated with IPC [    ]  See Assan's June 6, 2024 SQR at Exh. 2B (pdf pgs. 203-204) (2nd Remand CR 4) (2nd Remand PR 4).

Third, Defendant refers to "a table calculating the average number of days for each certificate's closure" in "Exhibit 5 of Assan's June 6 Submission" as evidence that IPC [    ] has closed.  3rd Remand Results at 9 (3rd Remand CR 18) (3rd Remand PR 10).  That exhibit contains a pivot table of the purported average number of days that elapsed until an IPC's closure.  See Assan's June 6, 2024 SQR at 3, Exh. 5 (pdf pg. 256) (2nd Remand CR 2, 4) (2nd Remand PR 4).  As information that was prepared by Assan, rather than by the Government of Turkey, this exhibit cannot support the conclusion that the Government of Turkey has closed, and thereby forgiven, the duty liability associated with IPC [    ]  See id. (2nd Remand CR 2, 4) (2nd Remand PR 4).  The exhibit, moreover, contains no statement to that effect.  See id. (2nd Remand CR 2, 4) (2nd Remand PR 4).

Finally, in accepting the above-described documents as evidence of closure by the Government of Turkey, Defendant applied a reduced and improper evidentiary standard for closure that is inconsistent with Defendant's established practice.  In Steel Concrete Reinforcing Bar From the Republic of Turkey: Final Results of Antidumping Duty Administrative Review and Final Determination of No-Shipments; 2019-2020, because "duty liability remains contingent until the approval *letter from the GOT is issued*," Defendant "made duty drawback adjustments for exempted duties pertaining only to the IPCs for which Colakoglu and Kaptan Demir *provided the closure letters from the GOT*." 87 Fed. Reg. 7,118 (Dep't Commerce Feb. 8, 2022), and accompanying Issues and Decision Memorandum at 14 (Feb. 2, 2022) (emphasis added).  This is consistent with the standard the Commerce Department has applied in other recent proceedings.  See, e.g., Certain Aluminum Foil From the Republic of Turkiye: Final

-5-

Results of Antidumping Duty Administrative Review; 2022–2023, 90 Fed. Reg. 21,896 (May 22, 2025), and accompanying Issues and Decision Memorandum at 18 (May 16, 2025) ("consistent with our court-affirmed practice, we continue to calculate the duty drawback adjustment using data only from the IPC for which the Assan Single Entity provided documentary evidence that the GOT has officially closed IPC"); Steel Concrete Reinforcing Bar From the Republic of Turkey: Preliminary Results of Antidumping Duty Administrative Review; 2021–2022, 88 Fed. Reg. 50,100 (Aug. 1, 2023) and accompanying Preliminary Decision Memorandum at 15 (July 27, 2023) ("we made duty drawback adjustments for exempted duties pertaining to the IPCs for which Colakoglu and Kaptan provided new closure letters from the GOT") (unchanged in final results).

In the instant case, Defendant conceded that such closure letters from the GOT are not on the record for IPC [    ] See 3rd Remand Results at 9 ("The record now does not contain a similar letter for IPC [    ].") (2nd Remand CR 2, 4) (2nd Remand PR 4). Thus, Defendant's determination that Assan established IPC [    ] has been closed by the Government of Turkey without Assan's having submitted "closure letters from the GOT" represents a change in practice that Defendant has not adequately explained. Defendant's failure to explain this change in practice makes its determination concerning IPC [    ] closure unlawful. See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 42 (1983) (an agency changing its practice is "obligated to supply a reasoned analysis for the change"); Save Domestic Oil, Inc. v. United States, 357 F.3d 1278, 1283-84 (Fed. Cir. 2004) ("if Commerce has a routine practice for addressing like situations, it must either apply that practice or provide a reasonable explanation as to why it departs therefrom"); NMB Sing. Ltd v. United States, 557 F.3d 1316, 1328 (Fed. Cir. 2009) ("Once Commerce establishes a course of action, however, Commerce is

obliged to follow it until Commerce provides a sufficient, reasoned analysis explaining why a change is necessary."). Further, by applying a different (and improperly low) evidentiary standard in this remand segment, Defendant is acting in a manner that is inconsistent with a practice it has now firmly established in antidumping cases involving merchandise from Turkey. Defendant's change in established practice without adequate explanation based on unverified information that only became available due to the pendency of litigation is unlawful.

In sum, according to both administrative and legal precedent, the record does not establish that the Government of Turkey has closed IPC [   ] and Defendant's contrary determination is unlawful.

## II. CONCLUSION

This Court should sustain Defendant's 3rd Remand Results, as the Defendant lawfully determined that Assan failed to establish eligibility for a duty drawback adjust for sales made under IPC [   ] and failed to submit the information necessary for the agency to calculate any such adjustment. Thus, the fact that Defendant's determination that IPC [   ] is unlawful is harmless. If the Court remands any other aspect of the Defendant's determination, however, it should also remand for Defendant to reconsider its conclusion that the Government of Turkey has closed IPC [   ]

        Respectfully submitted,

        <u>/s/ John M. Herrmann</u>
        JOHN M. HERRMANN
        JOSHUA R. MOREY
        KELLEY DRYE & WARREN LLP
        3050 K Street, N.W., Suite 400
        Washington, D.C.  20007
        (202) 342-8400
        jherrmann@kelleydrye.com
        jmorey@kelleydrye.com

        Counsel to Consolidated Plaintiffs

Dated:  October 9, 2025

**CERTIFICATE OF COMPLIANCE
WITH COURT OF INTERNATIONAL TRADE
STANDARD CHAMBERS PROCEDURES**

Pursuant to the Court of International Trade Standard Chambers procedures, undersigned counsel to Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members, Aleris Rolled Products, Inc.; Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc. (collectively, "Consolidated Plaintiffs"), certifies that these Comments on the U.S. Department of Commerce's Third Remand Redetermination contain 2157 words, including footnotes, tables, and charts. The word count certification is made in reliance on the word-count feature contained in Microsoft Enterprise – 365.

        Respectfully submitted,

        /s/ John M. Herrmann
        JOHN M. HERRMANN
        JOSHUA R. MOREY
        KELLEY DRYE & WARREN LLP
        3050 K Street, N.W., Suite 400
        Washington, D.C.  20007
        (202) 342 8400

        Counsel to Consolidated Plaintiffs

Dated:  October 9, 2025