UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| ASSAN ALUMINYUM SANAYI VE TICARET A.S., <br><br> *Plaintiff*, <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*, <br><br> ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP, et al., <br><br> *Defendant-Intervenors.* | Consol. Court No. 21-00246 |

### PLAINTIFF'S RESPONSE COMMENTS ON THE THIRD REMAND REDETERMINATION

Pursuant to Slip Op. 25-63, ECF 152, and Defendant-Intervenors' Comments, ECF 161, (Def.-Ints.' Cmts.) Plaintiff submits response comments to the Department of Commerce's ("Commerce") Third Redetermination Pursuant to Court Remand, ECF 158 ("Third Remand").

Only one aspect of the Third Remand accords with law: **IPC 7734 is closed**. *Id.* at 10. Commerce's refusal to grant a drawback for IPC 7734 — in contravention of the Court's order, agency precedent, and the statute — does not. The Court should sustain Commerce's closure finding and remand for Commerce to grant Plaintiff the full adjustment to which it is entitled.

Notwithstanding Commerce's meandering drawback methodology, Defendant-Intervenors acknowledge Commerce's current closure standard: "record evidence" must show the Turkish Government ("GOT") "extinguished" liability under IPC 7734. *See* Def.-Ints. Cmts. at 3. However, Defendant-Intervenors then attempt a sleight of hand, advancing a more exacting

-1-

standard whereby parties must provide an affirmative "statement by the {GOT} that it has forgiven any duty liability" and a closure letter. *Id.* at 4–5. Commerce's definition of closure, though ever evolving, has never been limited to the inclusion of a specific document or statement, especially where, as here, other evidence demonstrates that the IPC has been "closed," extinguishing liability.

Commerce lawfully "predicate{d}" IPC inclusion in the Third Remand on "evidence of closure as demonstrating final duty exemption," a totality of the circumstances test, rather than Petitioners' bright line rule. Third Remand at 18, 24 n.135. Commerce's finding was based on record evidence, including (1) its verification of the GOT drawback e-portal; (2) screenshots from the e-portal demonstrating IPC closure; and (3) IPC certifications from the GOT, the totality of which confirms the reliability of Plaintiff's reporting and establish closure for IPC 7734. Commerce's closure determination should be sustained, and the Court should reject Defendant-Intervenors' attempts to recast and further restrict Commerce's "practice" regarding IPC closure.

                Respectfully submitted,

                **/s/ Leah N. Scarpelli**
                Leah N. Scarpelli
                Matthew M. Nolan
                Christian L. Bush

February 13, 2026                *Counsel for Assan Aluminyum Sanayi ve Ticaret A.S.*

## CERTIFICATE OF COMPLIANCE

      Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that Plaintiff's Comments in Opposition to the Third Remand Redetermination filed on October 9, 2025, complies with the word limitation requirement. The word count for Plaintiff's Comments in Opposition to the Third Remand Redetermination, as computed by ArentFox Schiff LLP's word processing system is 303 (Remand Comments in Opposition were 9,697 words).


 **/s/ Leah N. Scarpelli**
Leah N. Scarpelli

AFSDOCS:304972358.7